567 S.W.2d 795 (1978)
C. L. B. and L. J. B., Petitioners,
v.
STATE of Texas, Respondent.
No. B-7417.
Supreme Court of Texas.
June 14, 1978.
Rehearing Denied July 12, 1978.
*796 Walter W. Steele, Jr., Maxine T. McConnell and Cynthia Hollingsworth, Dallas, for petitioners.
Henry Wade, Dist. Atty., Maridell J. Templeton, Asst. Dist. Atty., Dallas, for respondent.
PER CURIAM.
State filed its petitions alleging that C______ L______ B______ and L______ J______ B______ engaged in delinquent conduct by committing a theft. The juveniles filed motions for summary judgment supported by their affidavits. State did not respond to the motions. The trial court granted the motions and dismissed the State's petitions with prejudice. The court of civil appeals held that the State had a right to appeal, but reversed and remanded the summary judgments on two grounds which we do not reach. 561 S.W.2d 547.
The court of civil appeals concluded that the State was granted a right of appeal in juvenile delinquency proceedings by Tex. Rev.Civ.Stat.Ann. art. 2249, which provides that "An appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases." The court reasoned that this general right of appeal was applicable to delinquency proceedings in that such proceedings are civil in nature.
The right of appeal in juvenile proceedings is specifically controlled by Section 56.01 of the Texas Family Code. Section (c) thereof provides that "An appeal may be taken by or on behalf of the child" from certain enumerated orders. On the other hand, the Code does not grant the State a right of appeal. This omission is particularly significant when compared with the predecessor statute, Art. 2238-1, Sec. 21, which granted the right of appeal to "any party aggrieved". We conclude that by this omission the legislature did not grant the State the right to appeal from adverse judgments in juvenile delinquency proceedings. See also, McKnight, Texas Family Law Symposium, 5 Tex.Tech.L.Rev. 582 (1974).
The holding of the court of civil appeals is contrary to Art. 56.01 of the Texas Family Code. Accordingly, the application for writ of error is granted, and without hearing oral argument, the judgment of the court of civil appeals is reversed and that of the trial court affirmed. Rule 483, Tex.R. Civ.Proc.