970 S.W.2d 576 (1998)
In re P.C.
No. 05-97-01567-CV.
Court of Appeals of Texas, Dallas.
January 29, 1998.
*577 Aaron Craig Carter, Attorney General, General Litigation Department, Austin, for Appellant.
William C. Meili, Dallas, for Appellee.
Before THOMAS, C.J., and WHITTINGTON and BRIDGES, JJ.

OPINION
BRIDGES, Justice.
The Texas Department of Mental Health and Mental Retardation (MHMR) appeals the trial court's order denying its motion to intervene and to set aside the order committing P.C. (the child) to MHMR. We conclude that MHMR lacks standing to bring this appeal, and we dismiss the appeal for want of jurisdiction.
On May 15, 1997, the trial court committed the child to MHMR for placement in the Mexia State School pursuant to section 55.03 of the Texas Family Code. See TEX. FAM. CODE ANN. § 55.03 (Vernon 1996). MHMR filed a plea in intervention and motion to set aside the commitment order. The plea and motion alleged that the trial court did not make the necessary findings required by sections 55.04 and 55.05 of the Family Code for the child to be committed. See TEX. FAM. CODE ANN. §§ 55.04, .05 (Vernon 1996). In a hearing on the plea and motion, the trial court expressed its opinion that the commitment order contained all the necessary findings required by law. The trial court denied the plea in intervention and motion to set aside the commitment order. MHMR attempts to appeal from this order.
This Court, on its own motion, questioned MHMR's standing to appeal from the juvenile court's order, and the Court requested that the parties brief the issue. MHMR filed a brief.

STANDING TO APPEAL
The juvenile court committed the child pursuant to section 55.03 of the Family Code. See TEX. FAM.CODE ANN. § 55.03 (Vernon 1996). Section 55.03(c) of the Family Code provides that proceedings for commitment are governed by Subtitle D, Title 7 of the Health & Safety Code (chapters 591 through 596). Id. § 55.03(c). The general right to appeal from a commitment order is in section 593.056(a) of the Health & Safety Code, which provides, "A party to a commitment proceeding has the right to appeal the judgment to the appropriate court of appeals." TEX. HEALTH & SAFETY CODE ANN. § 593.056(a) (Vernon 1992) (emphasis added). However, the Family Code provides a specific right to appeal from a commitment order under chapter 55 of the Family Code: "An appeal may be taken by or on behalf of a child from an order entered under Chapter 55 of this code committing a child to a facility for the mentally ill or mentally retarded." TEX. FAM.CODE ANN. § 56.01(c)(1)(D) (Vernon 1996) (emphasis added).
MHMR argues that Family Code section 55.03(c)'s provision that the commitment proceeding is governed by the Health & Safety Code gives it the right to appeal under section 593.056(a) of the Health & Safety Code because it was a party to the commitment proceeding. Assuming for purposes of this opinion that MHMR was a party to the commitment proceeding,[1] we consider whether section 593.056(a) of the Health & Safety Code controls over section 56.01(c)(1)(D) of the Family Code.
In construing a statute, we look to and follow the intent of the legislature. Citizens Bank v. First State Bank, 580 S.W.2d 344, 347 (Tex.1979); Cadle Co. v. Castle, 913 S.W.2d 627, 631 (Tex.App.Dallas 1995, writ denied) (en banc). We determine legislative intent by looking at the language of the statute. Jones v. Del Andersen & Assocs., 539 S.W.2d 348, 350 (Tex.1976); Cadle Co., 913 S.W.2d at 631. In determining the meaning of statutory language, we read the statute as a whole and give consideration to the entire act, its nature and object, and the consequences that would follow from a particular construction. Sayre v. Mullins, 681 S.W.2d 25, 27 (Tex.1984); Cadle Co., 913 S.W.2d at 631. We give effect to all the *578 words of a statute and do not treat any as surplusage if possible. Chevron Corp. v. Redmon, 745 S.W.2d 314, 316 (Tex.1987); Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd., 848 S.W.2d 724, 738 (Tex. App.Dallas 1992, writ denied).
MHMR's interpretation of the statutes would leave Family Code section 56.01(c)(1)(D) meaningless. The better interpretation is to read Family Code section 55.03(c) as providing that subtitle D, title 7 of the Health & Safety Code governs the procedures used in the commitment of a child under section 55.03 of the Family Code except where limited by the provisions of the Family Code itself. Under this construction, standing to appeal would still be determined by Family Code section 56.01(c)(1)(D). Cf. M.R.R. v. State, 903 S.W.2d 49, 51 (Tex. App.San Antonio 1995, no writ) (harmonizing rules of civil procedure and Family Code section 56.01(b) to provide that appeals are conducted as in civil appeals generally subject to the exceptions in the statute). This reading allows all the statutes to have meaning. It also complies with the rule of construction that the specific statute controls over the general. See TEX. GOV'T CODE ANN. § 311.026 (Vernon 1988). Accordingly, we apply section 56.01 of the Family Code to determine if MHMR has standing to appeal the juvenile court's judgment in this case.
In C.L.B. v. State, 567 S.W.2d 795 (Tex. 1978) (per curiam), the State tried to appeal from a judgment in a juvenile delinquency case. The State argued that it could appeal under the statute granting a general right of appeal "from every final judgment of the district court in civil cases." Id. at 796. The supreme court compared that language with the language of section 56.01 of the Family Code providing that "[a]n appeal may be taken by or on behalf of the child." Id. (quoting TEX. FAM.CODE ANN. § 56.01 (Vernon 1996)). The supreme court noted that the predecessor statute to Family Code section 56.01 granted the right of appeal "to any party aggrieved." Id. The supreme court concluded that the legislature intended the changed wording to bar the State's right to appeal adverse judgments in juvenile delinquency proceedings. Id.
The language of Family Code section 56.01(c)(1) providing "[a]n appeal may be taken by or on behalf of a child" does not grant the MHMR the right of appeal from a juvenile court proceeding. Accordingly, we hold that MHMR lacks standing to bring this appeal.
We dismiss the appeal for want of jurisdiction.
NOTES
[1] This Court makes no holding concerning whether MHMR is a party to the commitment proceeding under section 593.056(a) of the Health & Safety Code.