**CITY OF DALLAS, Appellant,**

v.

**NORTH BY WEST ENTERTAIN-MENT, LTD., Appellee.**

No. 05–00–00920–CV.

Court of Appeals of Texas, Dallas.

Aug. 29, 2000.

James B. Pinson, Office of City Atty., Dallas, for appellant.

Michael L. Knapek, Jackson & Walker, Dallas, for appellee.

Before Chief Justice THOMAS and Justices MORRIS and WHITTINGTON.

**ORDER**

MARK WHITTINGTON, Justice.

Before the Court is the City of Dallas's August 2, 2000 emergency motion to vacate the trial court's order denying the suspension of enforcement of a temporary

injunction. For the reasons set forth below, we **GRANT** the City's motion.

The City, through section 41A of the Dallas City Code, controls various aspects of the location and operation of sexually-oriented businesses within the city of Dallas, Texas. *See* DALLAS, TEX., CODE § 41A. North by West Entertainment, Ltd., ("North by West") owns the Platinum Club, located at 2051 West Northwest Highway, Dallas, Texas, and has been operating the club as a sexually-oriented business since April 15, 2000. On February 28, 2000, North by West applied for a license to operate the club as an "adult theater" as described in the Dallas City Code. *See* DALLAS, TEX., CODE § 41A–2(7), (22). On March 23, 2000, the application was denied by the Dallas Chief of Police on the ground that the club was located within one thousand feet of another sexually-oriented business, a violation of section 41A–13 of the code. *See* DALLAS, TEX., CODE § 41A–13. North by West then requested an exemption from the location restriction before the City's permit and license appeal board which the board denied on May 11, 2000. Fourteen days later, North by West filed in district court an appeal of the denial of the location exemption and a suit to enjoin the City from enforcing or attempting to enforce Chapter 41A of the Dallas City Code against North by West.

After a hearing on June 7, 2000, the trial judge granted the temporary injunction in its entirety. Specifically, the temporary injunction states:

> City of Dallas and its agents, police officers, employees, trustees, attorneys, representatives, or anyone acting in concert or in participation with them BE AND ARE HEREBY COMMANDED FORTHWITH TO REFRAIN AND/OR ARE ENJOINED FROM (i) denying or refusing Plaintiff all rights and privileges of operating as a sexually oriented business as defined in Chapter 41A of the Dallas City Code with respect to Plaintiff's business premises at 2051 W. Northwest Highway, and (ii) undertaking non-routine procedures in attempting to enforce Chapter 41A of the Dallas City Code at Plaintiff's business premises at 2051 W. Northwest Highway with respect to Plaintiff's representatives, agents, employees and customers.

On June 9, 2000, the City perfected its appeal of the temporary injunction order by filing a notice of appeal in this Court. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.2000) (party may appeal interlocutory order granting temporary injunction).

The issue before us is the effect that the City's notice of appeal has on the temporary injunction order. The City contends the filing of its notice of appeal automatically suspends enforcement of the temporary injunction order. In contrast, North by West argues the suspension of a judgment's enforcement is a matter that falls within the trial judge's discretion. In reliance on its position, North by West filed a motion in the trial court asking the court to "exercise its discretion to deny suspension of the Temporary Injunction Order pending the City's appeal." On August 2, 2000, the trial court entered an order granting North by West's motion to deny suspension of the temporary injunction order. That same day, the City filed with this Court an emergency motion to stay and vacate the trial court's August 2nd order.

Rule 29 of the Texas Rules of Appellate Procedure provides the procedures for enforcement of orders pending interlocutory appeal in civil cases. *See* TEX. R.APP. P. 29. Rule 29 provides that "[p]erfecting an appeal from an order granting interlocutory relief does not suspend the order appealed from unless ... the appellant is entitled to supersede the order without security by filing a notice of appeal." TEX.R.APP. P. 29.1. A home-rule municipality "may appeal from judgment without giving supersedeas or cost bond." TEX. CIV. PRAC. & REM.CODE ANN. § 6.002 (Vernon Supp.2000). Because the City is a

home-rule municipality, it is therefore an entity entitled to supersede any judgment without giving a supersedeas or cost bond. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 6.002 (Vernon Supp.2000). Thus, the City may supersede the June 7th temporary injunction order without security by filing a notice of appeal, as it did on June 9, 2000. *See* TEX.R.APP. P. 29.1(b); *Public Util. Comm'n v. Coalition of Cities for Affordable Util. Rates*, 776 S.W.2d 221, 222 (Tex.App.-Austin 1989, no writ) (per curiam); *City of San Antonio v. Clark*, 554 S.W.2d 732, 733 (Tex.Civ.App.-San Antonio 1977, no writ), *cited in In re Long*, 984 S.W.2d 623, 625–26 (Tex.1999) (original proceeding).

In reaching this conclusion, we reject North by West's argument that the trial court has "discretion to allow a home rule municipality such as the City of Dallas to supersede the order." In support of its argument, North by West relies on rule 24.2, which provides that a trial judge has discretion to decline to permit the suspension of a judgment when the judgment is for something other than money or an interest in property. *See* TEX.R.APP. P. 24.2(a)(3). Rule 24 is a general rule that provides how appellants may supersede final judgments. In contrast, rule 29 is a specific rule applying only to the appeal of interlocutory orders in civil cases. *See Holmes v. Morales*, 924 S.W.2d 920, 923 (Tex.1996) (holding that when rule or statute specifically applies to subject, it controls over general rules, statutes, or provisions); *In re P.C.*, 970 S.W.2d 576, 578 (Tex.App.-Dallas 1998, pet. denied) (discussing rule of statutory construction that specific statute controls over general). Because this case involves the appeal of an interlocutory order, we conclude rule 29 controls.

We **GRANT** the City's emergency motion to vacate the trial court's order denying suspension of enforcement of temporary injunction. We **VACATE** the trial court's August 2, 2000 order granting North by West's motion to deny suspension of the temporary injunction order.