Opinion issued December 5, 2002










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00367-CV




IN THE MATTER OF S.N.





On Appeal from the County Court at Law No. 3 and Probate Court
Brazoria County, Texas
Trial Court Cause No. 8861B




O P I N I O N
          In what appears to be a case of first impression, we must decide whether article
44.01 of the Code of Criminal Procedure confers upon the State the right to appeal
in a juvenile-delinquency case. S.N., a juvenile, was charged with engaging in
delinquent conduct by committing theft of firearms. On appeal, the State complains
about the trial court’s order granting S.N.’s motion to suppress evidence. As a result
of the suppression, the State’s case was dismissed, and the State timely filed a notice
of appeal. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2002). 
S.N. has filed a motion to dismiss the appeal for want of jurisdiction, alleging that the
State does not have authority to appeal in a juvenile-delinquency case. We conclude
that the State lacks standing to bring this appeal, and we dismiss the appeal for want
of jurisdiction.
          The State has presented us with no authority supporting its standing to appeal
in juvenile-delinquency cases.


 The State has the right to appeal certain orders in
criminal cases, including the granting of motions to suppress evidence. See Tex.
Const. Art. V, § 26; see Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon
Supp. 2002). However, the legislature has mandated certain different statutory
protections for juveniles. The right of appeal in juvenile proceedings is specifically
controlled by the Family Code, which only allows for appeals by or on behalf of a
child. Tex. Fam. Code Ann. § 56.01 (Vernon 1997). It does not expressly grant the
State the right to appeal in juvenile-delinquency cases. 
          In construing whether the State may appeal in a juvenile-delinquency case, we
must determine the intent of the legislature. See In Re P.C., 970 S.W.2d 576, 577
(Tex. App.—Dallas 1998, no writ). The State argues that article 44.01 of the Code
of Criminal Procedure is a specific statute and that it is in pari materia with section
56.01 of the Family Code, thereby requiring this court to harmonize and give effect
to both statutes. Article 44.01 is the general statute granting the State the right to
appeal in limited circumstances in criminal proceedings. Section 56.01 is the specific
statute relating to appeals in juvenile proceedings. General and specific statutes may
be in pari materia. Burke v. State, 28 S.W.3d 545, 546-47 (Tex. Crim. App. 2000). 
The most important factor in determining whether two statutes are in pari materia is
whether they are similar in purpose or object. Id. at 547. The Family Code and the
Code of Criminal Procedure were designed to serve different purposes. The Code of
Criminal Procedure regulates criminal appeals, whereas the Family Code controls
appeals of juvenile-delinquency cases and affords greater statutory protections to
juveniles. Moreover, although juvenile-delinquency cases are quasi-criminal in
nature, they are in fact civil proceedings, and juveniles are afforded additional rights
to those enjoyed by adults in criminal proceedings. Because article 44.01 of the Code
of Criminal Procedure and section 56.01 of the Family Code are not similar in
purpose, we hold that they are not in pari materia .
          The omission of the State’s right to appeal in section 56.01 is particularly
significant, considering its predecessor statute, Revised Statutes article 2338-1,
section 21, which specifically granted the right of appeal to “any party aggrieved.” 
See Act of Apr. 21, 1943, 48th Leg., R.S., ch. 204, § 21, 1943 Tex. Gen. Laws 313,
318 (former Tex. Rev. Civ. Stat. Ann. art. 2338-1, § 21, since repealed); see C.L.B.
v. State, 567 S.W.2d 795, 796 (Tex. 1978). The State’s right to appeal was omitted
in the 1973 passage of the Family Code. See Act of May 25, 1973, 63d Leg., R.S.,
sec. 1, § 56.01(c)(1), 1973 Tex. Gen. Laws 1460, 1483 (former Tex. Fam. Code
Ann. § 56.01(c)(1), since repealed) (“An order may be taken by or on behalf of the
child . . . .”). Therefore, we must presume that the legislature intended the changed
wording to bar the State’s right to appeal adverse judgments in juvenile-delinquency
proceedings. C.L.B. v. State, 567 S.W.2d at 796. Although the holding in C.L.B. was
determined before the 1980 constitutional amendment and 1981 amendment to the
Code of Criminal Procedure, granting the State a limited right of appeal in criminal
cases, we may not expand our civil jurisdiction beyond that conferred by the
legislature. See Xeller v. Locke, 37 S.W.3d 95, 99 (Tex. App.—Houston [14th Dist.]
2000, writ denied). 
          We do not have the authority to give the State the right of limited appeals in
juvenile cases, and we hold that the State lacks standing to bring this appeal. We
dismiss this appeal for want of jurisdiction. All other pending motions in this appeal
are overruled as moot. 
 
Sherry J. Radack
Justice
Panel consists of Justices Nuchia, Jennings, and Radack.
Publish. Tex. R. App. P. 47.