In the Matter of F.C., A Juvenile.

No. 12–02–00335–CV.

Court of Appeals of Texas,
Tyler.

April 30, 2003.

Donna J. Gordon, for appellant.

Mark W. Cargill, Cargill & Associates, Palestine, for appellee.

Panel consisted of WORTHEN, C.J. and GRIFFITH, J.

## *OPINION*

JAMES T. WORTHEN, Chief Justice.

In one issue, the State of Texas appeals the trial court's suppression of evidence relating to F.C.'s charge of evading detention. We dismiss this appeal for want of jurisdiction.

### BACKGROUND

On August 22, 2001, the State filed an "Original Petition Alleging Delinquent Conduct" against F.C., contending that on or about August 1, F.C. "did then and there, intentionally flee from Chris Callas, a person the defendant knew was a peace officer who was attempting lawfully to arrest the defendant." On October 16, F.C. filed a motion to suppress the evidence of his arrest because the arrest was 1) without any reasonable suspicion that he engaged in criminal activity, 2) not pursuant to a reasonable investigative detention, 3) not pursuant to an arrest warrant, 4) absent exigent circumstances, and 5) without probable cause to believe he was engaged in criminal activity.

On November 7, the State amended its original petition, alleging that F.C. "did then and there, intentionally flee from Chris Callas, a person the defendant knew was a peace officer who was attempting lawfully to detain the defendant." The amended petition changed the offense from evading arrest to evading detention, in violation of section 38.04 of the Texas Penal Code.[1]

---

1. Section 38.04 of the Texas Penal Code makes it a Class B misdemeanor to "inten-

tionally flee from a person he knows is a peace officer attempting lawfully to arrest or

That same day, the trial court heard F.C.'s motion to suppress and at the conclusion of the hearing, the trial court took the matter under advisement. On October 30, 2002, the trial court granted F.C.'s motion to suppress. In one issue, the State appeals the trial court's order suppressing F.C.'s arrest and contends that because the officers had "reasonable suspicion" to detain F.C., the evidence of his arrest should not have been suppressed.

### *JURISDICTION*[2]

■ The State has the right to appeal certain orders in criminal cases, including a trial court's grant of a motion to suppress evidence. *See* TEX.CRIM. PROC.CODE ANN. art. 44.01(a)(5) (Vernon Supp.2003). However, juvenile cases, although quasi-criminal in nature, are civil proceedings that are governed by the Texas Family Code and not the Texas Code of Criminal Procedure. The right to appeal in a juvenile case rests solely with the child, leaving the State without any statutory or common-law authority to appeal from an adverse ruling in such a case. *See* TEX. FAM.CODE ANN. § 56.01 (Vernon 2002); *see also C.L.B. v. State,* 567 S.W.2d 795, 796 (Tex.1978); *In the Matter of S.N.,* 95 S.W.3d 535, 537 (Tex.App.Houston [1st Dist.] 2003, pet. filed). Therefore, the State lacks standing to bring this appeal. *Id.*

We *dismiss* this appeal for want of jurisdiction.

---

detain him." TEX. PENAL CODE ANN. § 38.04 (Vernon 2003).

**2.** Neither party discusses how this court has jurisdiction over the instant case in their briefs; therefore, we will address the issue on our own motion. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 445–46 (Tex.1993).