211 S.W.3d 393 (2006)
In the Matter of R.J.M.
No. 04-06-00265-CV.
Court of Appeals of Texas, San Antonio.
July 26, 2006.
Roy Joseph Mendenhall, Childress, pro se.
Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for appellee.
Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

OPINION
Opinion by SARAH B. DUNCAN, Justice.
In this case of first impression, R.J.M. appeals the juvenile court's order denying his motion to appoint counsel to assist him in filing a motion for DNA testing under chapter 64 of the Texas Code of Criminal Procedure. We hold an order of this nature by a juvenile court is not appealable and therefore dismiss this appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND
After pleading true to aggravated sexual assault of a child, R.J.M. received a ten-year determinate sentence. See In re R.M., No. 04-03-00505-CV, 2004 WL 2450882 (Tex.App.-San Antonio Nov.3, 2004, no pet.) (mem.op.) (affirming order transferring R.J.M. from the Texas Youth Commission to the Texas Department of Criminal Justice  Institutional Division). Thereafter, R.J.M. filed a motion asking the juvenile court to appoint counsel to *394 assist him in filing a motion for forensic DNA testing pursuant to article 64.01(c) of the Texas Code of Criminal Procedure. The juvenile court found "there are no reasonable grounds for a motion [for forensic DNA testing] to be filed" and denied the motion. R.J.M. appealed.

JURISDICTION
In general, "[t]he right of appeal in juvenile proceedings is . . . controlled by Section 56.01 of the Texas Family Code." C.L.B. v. State, 567 S.W.2d 795, 796 (Tex. 1978).[1] "[W]hen a legislative enactment says a juvenile may appeal orders delineated in the statute, there is no right to appeal orders not so included." In re J.H., 176 S.W.3d 677, 679 (Tex.App.-Dallas 2005, no pet.) (dismissing juvenile's appeal for lack of jurisdiction because juvenile court order transferring determinate sentence probation to criminal district court not appealable).[2]
Neither section 56.01 of the Texas Family Code nor any of other statutes listed in footnote 1 expressly authorizes a juvenile to appeal a motion asking a juvenile court to appoint counsel to assist in filing a post-adjudication motion for forensic DNA testing. Nor does chapter 64 of the Texas Code of Criminal Procedure, which governs motions for forensic DNA testing and related appeals in criminal cases. And we do not believe such authority may be implied.
As a general rule, because "[d]elinquency proceedings are civil in nature," "the Texas Code of Criminal Procedure does not apply unless the Legislature evinces a contrary intent." Vasquez v. State, 739 S.W.2d 37, 42 (Tex.Crim.App.1987) (plurality op.). The legislature has not evinced a contrary intent in chapter 64; in fact, all orders that may be appealed under article 64.05 are orders of a "convicting court." See TEX.CODE CRIM. PROC. ANN. arts. 64.01(c); 64.03(a), (c), (d), (e); 64.04 (Vernon Supp.2005). A juvenile court is not a "convicting court." See TEX. FAM.CODE ANN. § 51.13(a) (Vernon Supp.2005) (except for purposes of penalty enhancement in subsequent felonies, "an order of adjudication or disposition . . . is not a conviction of crime").[3]

CONCLUSION
Because the legislature has not expressly or impliedly authorized a juvenile to *395 appeal a juvenile court's order denying his motion to appoint counsel to assist him in filing a motion for DNA testing under chapter 64 of the Texas Code of Criminal Procedure, we dismiss this appeal for lack of jurisdiction.
NOTES
[1] See TEX. FAM.CODE ANN. § 56.01(c) (Vernon 2002). The Texas Legislature has also expressly authorized appeals by one or another of the parties of certain other juvenile court orders. See TEX. FAM.CODE ANN. § 56.03 (Vernon Supp.2005) (authorizing State to appeal certain juvenile court orders); id. § 61.004 (authorizing parent, guardian, or custodian to appeal certain final juvenile court orders); TEX.CODE CRIM. PROC. ANN. art. 62.357 (Vernon Supp.2005) (authorizing appeal of juvenile court order on motion to exempt juvenile from registering as sex offender); and id. art. 44.47 (authorizing juvenile to appeal order certifying juvenile to stand trial as adult and transferring juvenile to criminal court but only in conjunction with appeal of conviction or deferred adjudication order).
[2] See also In re F.C., 108 S.W.3d 384, 385 (Tex.App.-Tyler 2003, no pet.) (dismissing State's appeal for lack of jurisdiction because, at that time, appeal of juvenile court's order granting motion to suppress not authorized by Texas Family Code.); In re D.B., 80 S.W.3d 698, 700 (Tex.App.-Dallas 2002, no pet.) (dismissing juvenile's appeal for lack of jurisdiction because appeal of order denying motion to suppress not authorized by section 56.01 or other statute).
[3] See also Ex parte Valle, 104 S.W.3d 888, 888-89 (Tex.Crim.App.2003) (holding that article 11.07 of the Texas Code of Criminal Procedure governing applications for writs of habeas corpus in which the applicant seeks relief from a felony judgment may not be used to challenge juvenile's imprisonment because adjudication of delinquency for committing capital murder is not a felony conviction).