NUMBER 13-06-216-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE MATTER OF F.G.

 


On appeal from the County Court 

of Caldwell County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez, Justices Benavides and Vela


Memorandum Opinion by Justice Vela




 The State attempts to appeal from the trial court's order granting appellee F.G.'s
motion to suppress the marihuana seized during a search of F.G.'s billfold. We dismiss
this attempted appeal for want of jurisdiction.

BACKGROUND


 On October 24, 2005, the State filed a "PETITION ALLEGING DELINQUENT
CONDUCT" against F.G. asserting that on or about August 26, 2005, F.G. "did then
and there, intentionally or knowingly possess a useable quantity of marihuana, in an
amount of two ounces or less and Respondent did then and there possess said
marihuana in, on and within 1,000 feet of the premises of a school, namely, the
Lockhart Junior High School. . . ." On December 1, 2005, F.G. filed a motion to
suppress the marihuana obtained from the search contending that her detention and
subsequent search violated Amendments IV, V, VI, and XVI of the United States
Constitution, Article 1, Sections 9, 10, and 19 of the Texas Constitution, and articles
1.04, 1.05, 38.22, and 38.23 of the Texas Code of Criminal Procedure.

 The trial court heard the motion to suppress, and at the conclusion of the
hearing, the trial court took the matter under advisement. On February, 24, 2006, the
trial court granted the motion to suppress. By four issues, the State challenges the
trial court's decision to grant the motion to suppress.

JURISDICTION


 F.G. complains in her appellate brief that we do not have jurisdiction over this
appeal. Article 44.01(a)(5) of the Texas Code of Criminal Procedure gives the State
the right to appeal certain orders in criminal cases, including a trial court's grant of a
motion to suppress evidence. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5)
(Vernon 2006). However, juvenile cases, although quasi-criminal in nature, are civil
proceedings that are governed by the Texas Family Code and not the Texas Code of
Criminal Procedure. In re F.C., 108 S.W.3d 384, 385 (Tex. App.Tyler 2003, no
pet.). Section 56.01 of the Texas Family Code provides that the right to appeal in a
juvenile case rests solely with the child, leaving the State without any statutory or
common-law authority to appeal from an adverse ruling in such a case. See Tex. Fam.
Code Ann. § 56.01 (Vernon 2002); see also C.L.B. v. State, 567 S.W.2d 795, 796
(Tex. 1978); In re S.N., 95 S.W.3d 535, 537 (Tex. App.Houston [1st Dist.] 2003,
pet. denied).

 In 2003, our Legislature expressly authorized the State to appeal an order of a
court in a juvenile case that grants a motion to suppress evidence. Tex. Fam. Code
Ann. § 56.03(b)(5) (Vernon Supp. 2006). However, section 56.03 only applies to
State's appeals in cases involving violent or habitual juvenile offenders. See Tex. Fam.
Code Ann. §§ 53.045, 56.03(b) (Vernon Supp. 2006). Because this case does not
involve an habitual or a violent juvenile offender, section 56.03 does not authorize the
State to appeal from the trial court's order granting the motion to suppress. See Id.

 We dismiss this attempted appeal for want of jurisdiction.

 

 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 21st day of June, 2007.