NO. 07-07-0499-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 31, 2009

_____

IN THE MATTER OF S.D.S.
_____

FROM THE COUNTY COURT OF SWISHER COUNTY;

SITTING AS A JUVENILE COURT

NO.  439; HON.HAROLD KEETER, PRESIDING
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, S.D.S.,[1] appeals the disposition in his juvenile case contending that

Swisher County did not have proper jurisdiction to hear his case because he did not have

notice of the case's transfer from Potter County.  We dismiss for want of jurisdiction.

---

[1]In accordance with Texas Rules of Appellate Procedure, the juvenile will be referred to by an alias. See TEX. R. APP. P. 9.8(c).

<u>Factual Background</u>

On August 20, 2007, the Potter County Attorney's office filed a petition alleging that S.D.S. had engaged in delinquent conduct and prayed that, upon a finding that the child had engaged in delinquent conduct, S.D.S.'s care, custody, and control be disposed by the trial court including the possibility of S.D.S.'s commitment to the Texas Youth Commission. On September 12th, the trial court held a hearing and adjudicated S.D.S. as having engaged in delinquent conduct. On September 28th, the Potter County Attorney's Office filed a motion to transfer disposition in the case to the juvenile's county of residence, Swisher County. <u>See</u> TEX. FAMILY CODE ANN. § 51.07 (Vernon 2008).[2] However, neither S.D.S. nor his attorney were served with the Motion to Transfer or the corresponding order granting the transfer.

On November 19th, a disposition hearing was held in Swisher County before the county court judge. Although S.D.S. and his attorney were present at the disposition hearing, a review of an audio recording of the hearing does not establish that S.D.S. objected to the commencement of the disposition hearing based on the failure of the State to give S.D.S. notice of the filing of the motion for transfer of the hearing. After hearing evidence, the trial court concluded that S.D.S. had engaged in delinquent conduct, determined that S.D.S. was in need of rehabilitation, and that it was in his best interest and in the best interest of the community to commit S.D.S. to the care, custody, and control of

_____

[2] Further references to the Texas Family Code will be by reference to "§ __" or "section __."

the Texas Youth Commission for an indeterminate period not to exceed S.D.S.'s 19th birthday.

Although S.D.S. and his attorney attended the disposition hearing, S.D.S. was not served with a copy of the motion for transfer. S.D.S. appeals contending that, because notice of the transfer was not served upon him, Swisher County did not have jurisdiction to enter the disposition order. Therefore, S.D.S. contends that the disposition order must be vacated.

Law and Analysis

As a threshold matter, we consider our jurisdiction to review the challenged order. S.D.S. does not contest that Potter County had jurisdiction over the initial adjudication proceeding. § 51.04. Although S.D.S. framed the issue as one of jurisdiction, the issue is actually one of venue. See § 51.06(a). Venue is not a constitutional requirement; rather, it is a statutory requirement.[3] See id. A juvenile's right to appeal in a juvenile proceeding is controlled by section 56.01(c). § 56.01(c); In re R.J.M., 211 S.W.3d 393, 394 (Tex.App.–San Antonio 2006, pet. denied). However, section 56.01 does not authorize an appeal from a transfer order issued under section 51.07. See § 56.01(c). When a

---

[3] Although the State, in its brief, states that there is no evidence in the record that an objection was made regarding the notice issue, the audio recording does contain an inaudible discourse between S.D.S.'s attorney and the trial judge at the commencement of the disposition hearing. For analysis purposes, we will assume that an objection was made as to venue. But see Tex. R. Civ. P. 86(1); In re D.D.C., No. 05-97-01844-CV, 1998 WL 265178, at *2 (Tex.App.–Dallas May 27, 1998, no pet.) (not designated for publication) (objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading, or motion other than a special appearance).

legislative enactment says a juvenile may appeal orders delineated in the statute, there is no right to appeal orders not so included. In re R.J.M., 211 S.W.3d at 394; See In re J.H., 176 S.W.3d 677, 679 (Tex.App.–Dallas 2005, no pet.). Neither section 56.01 or 51.07 expressly allow a juvenile to appeal from a motion to transfer. Therefore, applying the plain language of section 56.01(c), we conclude that an order transferring the cause to another county under section 57.01 is not an appealable order. See In re R.J.M., 211 S.W.3d at 394; In re J.H., 176 S.W.3d at 679.

Conclusion

Because the controlling statute does not authorize an appeal from a transfer order issued under section 51.07, we conclude the order transferring S.D.S.'s case to another county for disposition is not an appealable order. In re M.A.O., No. 04-07-00658-CV, 2008 WL 5170297, at *6, (Tex.App.–San Antonio Dec. 10, 2008, no pet. h.). Because the transfer order is not an appealable order, we are without jurisdiction to consider S.D.S.'s issue and must dismiss the appeal. Id.

Mackey K. Hancock
Justice

-4-