ACCEPTED
01-15-00583-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 4:16:15 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00583-CV

# In the Court of Appeals
## for the
# First District of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/8/2015 4:16:15 PM

CHRISTOPHER A. PRINE
Clerk

THE HONORABLE MARK HENRY, COUNTY JUDGE OF GALVESTON COUNTY,
*Appellant,*

v.

THE HONORABLE LONNIE COX,
*Appellee.*

From the 56th Judicial District Court of
Galveston County, Texas, Cause No. 15-CV-0583

APPELLANT'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR STAY

Edward L. Friedman
State Bar No. 07462950
efriedman@bakerlaw.com
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: 713.751.1600
Facsimile: 713.751.1717

James P. Allison
Texas Bar No. 01090000
j.allison@allison-bass.com
J. Eric Magee
Texas Bar No. 24007585
e.magee@allison-bass.com
Phillip Ledbetter
Texas Bar No. 24041316
p.ledbettcr@allison-bass.com
ALLISON, BASS & MAGEE, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
Telephone: 512.482.0701
Facsimile: 512.480.0902

Attorneys for Appellant

To The Honorable Court Of Appeals:

Texas Rule of Appellate Procedure 29.3 provides that this Court may enter any temporary orders necessary to preserve the parties' rights until disposition of the appeal. TEX. R. APP. PROC. 29.3. This Court should grant a stay of the trial court's temporary injunction until the appeal on the merits can be decided. The tone and tenor of Judge Cox's Response, suggesting the need to pursue contempt proceedings and implying sanctions should be levied simply for pursuing an interlocutory appeal, demonstrates the need for an immediate stay.

In less politically tumultuous circumstances, it would be recognized and accepted that Judge Henry's filing of a notice of appeal automatically suspends the interlocutory temporary injunction order pending the appeal. *See* TEX. R. APP. P. 29.1(b) and TEX. CIV. PRAC. & REM. CODE § 6.001. The principal case cited by Judge Cox in the Response concerned a final judgment and did not implicate TRAP 29.1(b) or an appellate court's ability to grant a stay under TRAP 29.3. *See In re Bd. for Educator Certification* 452 S.W.3d 802, 807 n. 36 (Tex. 2014) (not addressing TRAP 29 and noting that its holding is consistent

1

with the principle that appellate courts have "near-unlimited" authority to grant a stay); *see also Dallas v. North By West Entertainment*, 24 S.W.3d 917, 918-19 (Tex. App.—Dallas 2000, no pet.) (stating in the context of an interlocutory appeal that "Rule 24 is a general rule that provides how appellants may supersede final judgments. In contrast, rule 29 is a specific rule applying only to the appeal of interlocutory orders in civil cases.").

In any event, Judge Henry seeks a stay from this Court under the authority of TRAP 29.3—and recognition of TRAP 29.1(b)—until the merits of his appeal can be addressed by this Court. Judge Cox's arguments do not relate to a grant of a stay under TRAP 29.3. Instead, Judge Cox's arguments veer into the merits of the appeal itself or arguments that Judge Cox apparently intends to raise at a future contempt proceeding. Simply stated, Judge Cox fails to present any compelling reason for this Court not to exercise its authority to preserve the parties' rights until disposition of the appeal under TRAP 29.3.

The need for a stay is evident. The temporary injunction not only intrudes into separation of powers concerns between the executive and judicial branches, but requires Judge Henry to act on behalf of each of

the independently elected five-member commissioners court, requiring Judge Henry to recreate a position that no longer exists as well as amend the Galveston County budget in order to transfer funds back into the Justice Administration Department to the salary ordered by the court. *See* TEX. LOCAL GOV'T CODE § 81.001, *et seq.*; *see also* TEX. LOCAL GOV'T CODE § 111.001, et seq. (outlining commissioners court responsibility regarding budgetary process). Judge Henry is but one vote among five.

Judge Cox suggests that the other Commissioners can be held in contempt for "acting in concert" with Judge Henry, a questionable claim that can be debated at a future point, but Judge Cox does not address the potential jeopardy faced by Judge Henry under the temporary injunction, requiring him alone to: (i) re-establish the Justice Administration Department, (ii) recreate the Director of Justice Administration position (but with fewer duties and responsibilities than it previously had), (iii) reinstate Ms. Quiroga to the position of Director of Justice Administration, and (iv) amend the budget to transfer funds into the Department of Justice Administration in order to pay Ms. Quiroga the salary ordered by the trial court. Only the commissioners

3

court as a whole has the responsibility for setting the annual county budget and may spend county funds only "in strict compliance with the budget." TEX. LOCAL GOV'T CODE § 111.070; *see also id.* §§ 111.003, 111.0675; *Gattis v. Duty,* 349 S.W.3d 193, 203 (Tex. App.–Austin 2011, no pet.). Setting aside the merits of the temporary injunction itself, Judge Henry could vote consistently with temporary injunction and have his vote overruled by a majority of the commissioners court voting contrary. Judge Henry should not be in risk of contempt if a majority of the commissioner's court does not vote consistently with the requirements of the temporary injunction.

## CONCLUSION AND REQUEST FOR RELIEF

Judge Henry should have the opportunity to demonstrate to this Court that the trial court abused its discretion in granting the temporary injunction without jeopardy while this Court considers the merits of the appeal. A stay of the temporary injunction is essential in order to avoid further political rancor and discord among the Administrative Judges and the County Judge while this issue is resolved through this appeal. For all of the reasons stated above, Judge Henry requests this Court to issue a stay of enforcement of the

4

temporary injunction from which this appeal is taken. Judge Henry

further requests all other relief to which he may be entitled.

Respectfully submitted,


*/s/ Edward L. Friedman*
Edward L. Friedman
Texas Bar No. 07462950
efriedman@bakerlaw.com
BAKERHOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: 713.751.1600
Facsimile: 713.751.1717

James P. Allison
Texas Bar No. 01090000
j.allison@allison-bass.com
J. Eric Magee
Texas Bar No. 24007585
e.magee@allison-bass.com
Phillip Ledbetter
Texas Bar No. 24041316
p.ledbettcr@allison-bass.com
ALLISON, BASS & MAGEE, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
Telephone: 512.482.0701
Facsimile: (512) 480-0902

Attorneys for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to the following parties on this the 8th day of July, 2015, in accordance with the Texas Rules of Appellate Procedure and the electronic filing procedures.


*/s/ Edward L. Friedman*
Edward L. Friedman