ACCEPTED
01-15-00583-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/22/2015 4:08:24 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00583-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/22/2015 4:08:24 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIRST COURT OF APPEALS
## AT HOUSTON, TEXAS

_____

THE HONORABLE MARK HENRY, COUNTY JUDGE
OF GALVESTON COUNTY,

*Appellant,*

v.

THE HONORABLE LONNIE COX,

*Appellee.*

_____

On Interlocutory Appeal from the 56th District Court, Galveston County, Texas

_____

## APPELLANT'S CONSOLIDATED RESPONSE TO APPELLEE'S MOTIONS FOR EMERGENCY RELIEF, FOR CONTEMPT, AND TO ENFORCE THE TEMPORARY INJUNCTION

_____

TO THE HONORABLE FIRST COURT OF APPEALS:

Appellant, The Honorable Mark Henry, County Judge of Galveston County, files this Consolidated Response to Appellee's Motions for Emergency Relief, for Contempt, and for Enforcement of the Temporary Injunction (and also the supplementary motion to enforce), and would show the Court as follows:

### Background

1. The above-captioned matter is an interlocutory appeal of a temporary injunction order. (CR. 334.); TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4). The

Honorable Lonnie Cox in his official capacity as Judge of the 56th District Court of Galveston County brought the underlying suit against The Honorable Mark Henry, County Judge of Galveston County, seeking to reinstate the employment of Bonnie Quiroga as Director of the Galveston County Justice Administration. (CR. 9, 247.)

2.      Ms. Quiroga was appointed to that position in 2000 by the Galveston County Commissioner's Court and it terminated her employment on July 24, 2014.

3.      On July 6, 2015, Visiting Judge Sharolyn Wood signed a temporary injunction order against County Judge Mark Henry requiring among other things "the reinstatement of Bonnie Quiroga to her position as Galveston County Justice Administrator" and the payment "by the issuance of the appropriate check or direct deposit to Ms. Quiroga her same salary as was paid prior to July 24, 2014." (CR. 337.)

4.      County Judge Mark Henry immediately perfected his appeal of the temporary injunction order by filing a Notice of Interlocutory Appeal. (CR. 334.); TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4).

5.      County Judge Mark Henry also perfected an additional interlocutory appeal from the denial of his plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); (CR. 231.)

2

## Response Argument

6.     The issue presented by Appellee's motions is the effect that County Judge Mark Henry's Notice of Interlocutory Appeal had on the temporary injunction order. According to Appellee, County Judge Mark Henry was required to comply with the temporary injunction order after filing his notice of appeal and that by not doing so he should be subject to contempt and enforcement proceedings. The settled law provides otherwise.

### When County Judge Mark Henry perfected his interlocutory appeal of the temporary injunction order that suspended the temporary injunction during the appeal as a matter of law.

7.     As a general rule, when a county official files a notice of appeal in his or her official capacity that automatically supersedes any judgment; and that suspension remains in effect until all appellate rights are exhausted. *In re Long*, 984 S.W.2d 623, 625-26 (Tex. 1999) (citing TEX. CIV. PRAC. & REM. CODE § 6.001(b)(4)). This rule applies to an appeal of a permanent injunction (which is a final judgment), and to an interlocutory appeal of a temporary injunction order by a county official.[1] *See Id.* at 625; *City of San Antonio v. Clark*, 554 S.W. 732, 733 (Tex. Civ. App. – San Antonio 1977, no writ) (cited with approval by the supreme court in *In re Long,* 984 S.W.2d at 625-26)); *City of Dallas v. North by West Entertainment, Ltd.*, 24 S.W.3d 917, 918-19 (Tex. App. – Dallas 2000, no pet.);

---

[1] *Elizondo v. Williams*, 643 S.W.3d 765, 767 (Tex. App. – San Antonio 1982, no writ) (recognizing a permanent injunction is a final judgment.).

3

*City of Galveston v. Humphrey*, 2001 WL 204765 at *5-6 (Tex. App. – Houston [1st Dist.] 2001, no pet.).

8.    When an interlocutory appeal of a temporary injunction is involved, like here, Texas Rule of Appellate Procedure 29 controls the inquiry since it specifically governs interlocutory appeals. *City of Dallas*, 24 S.W.3d at 918-19. Rule 29.1(b) provides that "[p]erfecting an appeal from an order granting interlocutory relief does not suspend the order appealed from unless…the appellant is entitled to supersede the order without security by filing a notice of appeal." TEX. R. APP. P. 29.1(b).  Because County Judge Mark Henry as a county official can automatically supersede any judgment by filing a notice of appeal, *In re Long*, 984 S.W.2d at 625-26; TEX. CIV. PRAC. & REM. CODE § 6.001(b)(4), his perfection of this interlocutory appeal of the temporary injunction order automatically suspended the temporary injunction during the course of the appeal pursuant to Rule 29.1(b) as a matter of law. This is the teaching of *City of Dallas.  See* 24 S.W.3d at 918-19.

**County Judge Mark Henry is not required to obey the injunction during the course of this interlocutory appeal and is not in contempt of either the trial court or this Court.**

9.    This Court made the same holding as *City of Dallas* in *City of Galveston v. Humphrey,* 2001 WL 204765 at *5-6 (Tex. App. – Houston [1st Dist.] 2001, no pet.).   That case involved an interlocutory appeal of a temporary

4

injunction against the city to restore a city employee to his former position. The employee asked this Court to hold the City of Galveston in contempt because it did not comply with the temporary injunction during the course of the appeal. *Id*. Writing for the panel, Justice Jennings rejected the employee's request for contempt against the city and explained:

> The city was permitted by statute to bring an interlocutory appeal of the temporary injunction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp. 2011). In addition, the city could perfect the appeal simply by filing a notice of appeal; it was not required to give a supersedeas bond. TEX. CIV. PRAC. & REM. CODE § 6.002(b) (Vernon Supp. 2001). When the city perfected its appeal by filing its notice of appeal, the temporary injunction was suspended under the Rules of Appellate Procedure. *See City of San Antonio v. Clark*, 554 S.W. 732, 733 (Tex. Civ. App. – San Antonio 1977, no writ); TEX. R. APP. P. 29.1(b). Thus, the city was not required to obey the injunction and was not in contempt of either the trial court or this Court.

*Id.* at *6 (citation omitted.). This same reasoning applies here to County Judge Mark Henry.

10. Like in *City of Galveston,* when County Judge Mark Henry perfected his interlocutory appeal of the temporary injunction order, the temporary injunction was automatically suspended under the Rules of Appellate Procedure. TEX. R. APP. P. 29.1(b); TEX. CIV. PRAC. & REM. CODE § 6.001(b)(4). Accordingly, as this Court explained in *City of Galveston,* County Judge Mark Henry is not required to obey the temporary injunction during the course of this appeal and is not in

5

contempt of either the trial court or this Court for following the automatic suspension.[2]

## Neither Rule 24.2(a)(3) nor *In re State Board of Educator Certification* changes the suspension of this interlocutory injunction order

11.    Appellee attempts to sidestep this result by contending Texas Rule of Appellate Procedure 24.2(a)(3) and *In re State Board of Educator Certification*, 452 S.W.3d 802 (Tex. 2014) allows the trial court to disregard the foregoing authorities and not honor the suspension of the temporary injunction order during this appeal.  Rule 24.2(a)(3) provides:

> When the *judgment* is for something other than money or an interest in property… the trial court may decline to permit the *judgment* to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that relief was improper.

TEX. R. APP. P. 24.2(a)(3) (emphasis added).   In *State Board of Educator Certification*, an appeal of a permanent injunction, the supreme court construed Rule 24.2(a)(3) in the context of that final judgment and held this rule provides a trial court with discretion to enforce its non-money judgments against a governmental entity if the appellee posts security in accordance with Rule

---

[2]  The same is also true for all of the other individuals listed in Appellee's motions who work with or for County Judge Mark Henry.

24.2(a)(3).[3] *Id.* at 808-09. *State Board of Educator Certification* does not involve or mention an interlocutory appeal of a temporary injunction order.

12. The only known case to address Rule 24.2(a)(3) in the context of an interlocutory appeal of a temporary injunction by a governmental entity/official is *City of Dallas v. North by West Entertainment, Ltd.*, 24 S.W.3d 917 (Tex. App. – Dallas 2000, no pet.). In *City of Dallas*, the court of appeals rejected the same argument that Appellee now makes and held:

> Rule 24 is a general rule that provides how appellants may supersede final judgments. In contrast, rule 29 is a specific rule applying only to the appeal of interlocutory in civil cases. *See Holmes v. Morales*, 924 S.W.2d 920, 923 (Tex. 1996) (holding that when rule or statute applies to subject, it controls over general rules, statutes, or provisions); *In re P.C.*, 970 S.W.2d 576, 678 (Tex. App. – Dallas 1998, pet. denied) (discussing rule of statutory construction that specific controls over general). Because this case involves an interlocutory order, we conclude rule 29 controls.

*Id.* at 919. This reasoning applies to County Judge Mark Henry's interlocutory appeal of the temporary injunction. Pursuant to *City of Dallas,* Rule 29.1(b) rather than Rule 24(a)(3) controls the suspension of the temporary injunction order in this case during this interlocutory appeal.[4]

---

[3] *Elizondo*, 643 S.W.3d at 767 (recognizing a permanent injunction constitutes a final judgment.).

[4] Even if Rule 24(a)(3) could override Rule 29.1(b) for purposes of this interlocutory appeal of the temporary injunction order, it is still inapplicable. Rule 24(a)(3) is limited on its face to judgments "for something other than money or an interest in property." Assuming arguendo that the temporary injunction order here could be a judgment, it requires, in part, the payment "by the issuance of the appropriate check or direct deposit to Ms. Quiroga her same salary as was paid

13.     Accordingly, when County Judge Mark Henry perfected his interlocutory appeal of the temporary injunction order, the temporary injunction was automatically suspended as a matter of law and County Judge Mark Henry is not required to obey the temporary injunction during this appeal and is not in contempt of either the trial court or this Court for following the automatic suspension. *See City of Galveston v. Humphrey,* 2001 WL 204765 at *5-6.

## County Judge Mark Henry's additional interlocutory appeal of the denial of his plea to the jurisdiction also stays all other proceedings in the trial court.

14.     County Judge Mark Henry is also protected by a further stay of all other proceedings in the trial court under section 51.014(b) of the Texas Civil Practice and Remedies Code due to his additional interlocutory appeal of the denial of his plea to the jurisdiction.[5] *See Texas A&M University System v. Koseoglu*, 233 S.W.3d 835, 837 (Tex. 2007); TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8), (b)

---

prior to July 24, 2014." (CR. 337.)  To the extent this is a requirement to restore back pay, it constitutes money damages and falls outside of Rule 24(a)(3). *See City of Seagoville v. Lytle,* 227 S.W.3d 401, 412 (Tex. App. – Dallas 2007, no pet.) (recognizing an injunction to restore pay back or unspecified back benefits constitutes money damages.).

[5]  Appellee suggests that County Judge Mark Henry withdrew his plea to jurisdiction.  That is incorrect.  Trial counsel for County Judge Mark Henry indicated to the trial court during an early hearing that the plea to the jurisdiction could be postponed due to plaintiff's representation that certain jurisdictional allegations would be re-pleaded.  The trial court then stated that plaintiff could handle the matter on the record, which did not happen. (RR. 2:7-8.)  Trial counsel for County Judge Mark Henry then proceeded to make his jurisdictional arguments which the trial court subsequently denied in its written order denying County Judge Mark Henry's plea to the jurisdiction. (RR. 2:12-13 et. seq; CR. 231.)

8

(providing for an interlocutory appeal by a governmental entity/official from the denial of a plea to the jurisdiction and the interlocutory appeal stays all proceedings in the trial court during the appeal). As a result, for this additional reason, County Judge Mark Henry is not required to obey the temporary injunction during this appeal and is not in contempt of either the trial court or this Court for following this additional stay.

15. Moreover, because of the nondiscretionary operation of section 51.014(b), any future hearings in the trial court to enforce the temporary injunction or to deny County Judge Mark Henry the supersedeas effect of his appeal of the temporary injunction order will constitute an abuse of discretion. *See In re Texas Education Agency,* 441 S.W.3d 747, 750 (Tex. App. – Austin 2014, orig. proceeding) ("[T]he stay set forth in section 51.014(b) is statutory and allows no room for discretion"—granting mandamus and holding the trial court abused its discretion by violating section 51.014(b) in denying the supersedeas effect of the Education Commissioner's appeals of temporary injunction orders *after* the Commissioner had also appealed the denial of his plea to the jurisdiction.). In sum,

9

all proceedings in the trial court, including the temporary injunction order, are completely stayed during the pendency of County Judge Mark Henry's appeals.

16.   For all of these reasons, Appellee's Motions for Contempt, and for Enforcement of the Temporary Injunction should be denied in all things.  With respect to Appellee's Motion Emergency Relief, County Judge Mark Henry agrees that Appellee's Motions should be denied without delay.

WHEREFORE, PREMISES CONSIDERED Appellant, The Honorable Mark Henry, County Judge of Galveston County respectfully requests the Court to deny Appellee's Motions for Contempt, and for Enforcement of the Temporary Injunction should in all things.  Appellant additionally prays for such other and further relief to which he may be entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By: */s/ N. Terry Adams, Jr.*
     **N. Terry Adams, Jr.**
     Texas Bar No. 00874010
     tadams@bmpllp.com
     **Joseph M. Nixon**
     Texas Bar No. 15244800
     jnixon@bmpllp.com
     1300 Post Oak Blvd, Suite 2500
     Houston, Texas 77056
     (713) 623-0887 (Tel)
     (713) 960-1527 (Fax)

**James E. "Trey" Trainor**
Texas Bar No. 24042052
ttrainor@bmpllp.com
401 W. 15th Street, Suite 845
Austin, Texas 78701
(512) 623-6700 (Tel)
(512) 623-6701 (Fax)
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with the Texas Rules of Appellate Procedure and the Local Rules of this Court and that the foregoing Consolidated Response to Appellee's Motions for Emergency Relief, for Contempt, and Enforcement of the Temporary Injunction have been electronically filed and served on all counsel of record in accordance with these Rules on this the 22nd day of July, 2015.

Mark W. Stevens
P.O. Box 8118
Galveston, Texas 77553
markwandstev@sbcglobal.net

*/s/ N. Terry Adams, Jr.*
N. Terry Adams, Jr.

11