

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00075-CV

IN THE MATTER OF K.D.D.

On Appeal from the County Court
Deaf Smith County, Texas
Trial Court No. JU-24G-022, Honorable D.J. Wagner, Presiding

June 9, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before the court is the motion of K.D.D., a juvenile, to dismiss this appeal. The State perfected same from an order granting K.D.D.'s motion to suppress evidence. Such motion was filed in a juvenile proceeding involving purported delinquent conduct. We grant the motion.

The right of appeal in juvenile proceedings normally resides solely with the juvenile. *C.L.B. v. State*, 567 S.W.2d 795, 796 (Tex. 1978) (per curiam) (recognizing that the State of Texas did not grant the State a general right to appeal in juvenile proceedings); *see also In re J.M.B.*, No. 13-14-00365-CV, 2014 Tex. App. LEXIS 8579, at *6–7 (Tex. App.—Corpus Christi Aug. 7, 2014, no pet.) (mem. op.) (stating that "Section

56.01 of the Texas Family Code provides that the right to appeal in a juvenile case rests solely with the child, leaving the State without any statutory or common-law authority to appeal from an adverse ruling in such cases"). Yet, statute does permit the State "to appeal an order of a court in a juvenile case in which the grand jury has approved of the petition under Section 53.045 if the order . . . grants a motion to suppress evidence, a confession, or an admission." TEX. FAM. CODE ANN. § 56.03(b)(5)(A)–(C). While the order underlying the appeal at bar is one granting a motion to suppress evidence, the State acknowledges that the petition regarding the juvenile case itself is not one of which the grand jury must approve or has approved. Thus, this proceeding falls outside the ambit of § 56.03(b).

Nor does it fall within the scope of § 51.014(a) of the Texas Civil Practice and Remedies Code. One may ask why reference to that provision is pertinent to our discussion. The answer lies in § 56.01(b) of the Family Code. It mandates that "[t]he requirements governing an appeal are as in civil cases generally." TEX. FAM. CODE ANN. § 56.01(b). Given that the order before us is interlocutory, § 51.014(a) provides a means by which to appeal interlocutory orders in civil cases. Yet, none of those means encompass an appeal from an interlocutory order granting a motion to suppress entered in a juvenile proceeding.

In short, statute fails to provide the State with a right to appeal the interlocutory order in question. Though we afforded it opportunity to illustrate why we nonetheless have jurisdiction to entertain the matter, its request for us to rethink or overrule *C.L.B.* is unavailing. Our duty is to abide by Texas Supreme Court precedent, *see City of*

2

*Spearman v. Tex. Mun. League Intergovernmental Risk Pool*, 601 S.W.3d 72 (Tex. App.—Amarillo 2020, pet. denied), not overrule it.

Consequently finding an absence of jurisdiction over the State's appeal, we dismiss same for want of jurisdiction.


Brian Quinn
Chief Justice