95 S.W.3d 535 (2002)
In the Matter of S.N.
No. 01-02-00367-CV.
Court of Appeals of Texas, Houston (1st Dist.).
December 5, 2002.
Rehearing Overruled January 13, 2003.
David Bosserman, Assistant Criminal District Attorney, Angleton, for Appellant.
Paul G. Johnson, Angleton, for Appellee.
Panel consists of Justices NUCHIA, JENNINGS, and RADACK.

OPINION
SHERRY J. RADACK, Justice.
In what appears to be a case of first impression, we must decide whether article 44.01 of the Code of Criminal Procedure confers upon the State the right to appeal in a juvenile-delinquency case. S.N., a juvenile, was charged with engaging in delinquent conduct by committing theft of firearms. On appeal, the State complains about the trial court's order granting S.N.'s motion to suppress evidence. As a result of the suppression, the State's case was dismissed, and the State timely filed a notice of appeal. See Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp.2002). S.N. has filed a motion to dismiss the appeal for want of jurisdiction, alleging *536 that the State does not have authority to appeal in a juvenile-delinquency case. We conclude that the State lacks standing to bring this appeal, and we dismiss the appeal for want of jurisdiction.
The State has presented us with no authority supporting its standing to appeal in juvenile-delinquency cases.[1] The State has the right to appeal certain orders in criminal cases, including the granting of motions to suppress evidence. See Tex. Const. Art. V, § 26; see Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2002). However, the legislature has mandated certain different statutory protections for juveniles. The right of appeal in juvenile proceedings is specifically controlled by the Family Code, which only allows for appeals by or on behalf of a child. Tex. Fam.Code Ann. § 56.01 (Vernon 1997). It does not expressly grant the State the right to appeal in juvenile-delinquency cases.
In construing whether the State may appeal in a juvenile-delinquency case, we must determine the intent of the legislature. See In Re P.C., 970 S.W.2d 576, 577 (Tex.App.-Dallas 1998, no writ). The State argues that article 44.01 of the Code of Criminal Procedure is a specific statute and that it is in pari materia with section 56.01 of the Family Code, thereby requiring this court to harmonize and give effect to both statutes. Article 44.01 is the general statute granting the State the right to appeal in limited circumstances in criminal proceedings. Section 56.01 is the specific statute relating to appeals in juvenile proceedings. General and specific statutes may be in pari materia. Burke v. State, 28 S.W.3d 545, 546-47 (Tex.Crim.App.2000). The most important factor in determining whether two statutes are in pari materia is whether they are similar in purpose or object. Id. at 547. The Family Code and the Code of Criminal Procedure were designed to serve different purposes. The Code of Criminal Procedure regulates criminal appeals, whereas the Family Code controls appeals of juvenile-delinquency cases and affords greater statutory protections to juveniles. Moreover, although juvenile-delinquency cases are quasi-criminal in nature, they are in fact civil proceedings, and juveniles are afforded additional rights to those enjoyed by adults in criminal proceedings. Because article 44.01 of the Code of Criminal Procedure and section 56.01 of the Family Code are not similar in purpose, we hold that they are not in pari materia.
The omission of the State's right to appeal in section 56.01 is particularly significant, considering its predecessor statute, Revised Statutes article 2338-1, section 21, which specifically granted the right of appeal to "any party aggrieved." See Act of Apr. 21, 1943, 48th Leg., R.S., ch. 204, § 21, 1943 Tex. Gen. Laws 313, 318 (former Tex.Rev.Civ. Stat. Ann. art. 2338-1, § 21, since repealed); see C.L.B. v. State, 567 S.W.2d 795, 796 (Tex.1978). The State's right to appeal was omitted in the 1973 passage of the Family Code. See Act of May 25, 1973, 63d Leg., R.S., sec. 1, § 56.01(c)(1), 1973 Tex. Gen. Laws 1460, 1483 (former Tex. Fam.Code Ann. § 56.01(c)(1), since repealed) ("An order may be taken by or on behalf of the child...."). Therefore, we must presume that the legislature intended the changed wording to bar the State's right to appeal adverse judgments in juvenile-delinquency proceedings. C.L.B. v. State, 567 S.W.2d *537 at 796. Although the holding in C.L.B. was determined before the 1980 constitutional amendment and 1981 amendment to the Code of Criminal Procedure, granting the State a limited right of appeal in criminal cases, we may not expand our civil jurisdiction beyond that conferred by the legislature. See Xeller v. Locke, 37 S.W.3d 95, 99 (Tex.App.-Houston [14th Dist.] 2000, writ denied).
We do not have the authority to give the State the right of limited appeals in juvenile cases, and we hold that the State lacks standing to bring this appeal. We dismiss this appeal for want of jurisdiction. All other pending motions in this appeal are overruled as moot.
NOTES
[1] Although we have previously ruled on an appeal by the State in a juvenile-delinquency proceeding, the State's standing to appeal was not raised as an issue and was not discussed in the opinion. See In re J.W.G., 988 S.W.2d 318 (Tex.App.-Houston [1st Dist.] 1999, no pet.).