

# NUMBER 13-14-00365-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE MATTER OF J.M.B., A CHILD.

---

## On Appeal from the 449th District Court of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

The State of Texas, acting by and through the Criminal District Attorney for Hidalgo County, Texas, has attempted to perfect appeal from a May 29, 2014 sanction order issued in the underlying juvenile proceeding. Concluding that we lack jurisdiction, we dismiss the appeal.

## I. BACKGROUND

In the underlying case, the State filed a petition in juvenile court, alleging that appellant, who was sixteen years old at the time, had engaged in delinquent conduct. According to the petition, appellant committed aggravated robbery and burglary of a habitation. *See* TEX. PEN. CODE ANN. § 29.03 (West, Westlaw through 2013 3d C.S.) (aggravated robbery); *id.* § 30.02(a)(1) (West, Westlaw through 2013 3d C.S.) (burglary of a habitation). The State later filed a petition for discretionary transfer to criminal court. A juvenile court may waive its exclusive original jurisdiction and transfer a juvenile to a criminal district court for criminal proceedings if: (1) the child is alleged to have committed a felony, (2) the child meets one of two age requirements, and (3) after a full investigation and hearing, the juvenile court determines that probable cause exists to believe the juvenile committed the alleged offense and that the community's welfare requires criminal proceedings because of the serious nature of the offense or the child's background. *See* TEX. FAM. CODE ANN. § 54.02(a) (West, Westlaw through 2013 3d C.S.). Prior to determination of this petition, the State filed a motion to recuse the judge of the trial court, the Honorable Jesse Contreras, Presiding Judge of the 449th District Court of Hidalgo County, Texas.

The Presiding Judge of the Fifth Administrative Judicial Region, the Honorable J. Rolando Olvera, assigned the Honorable J. Manuel Bañales to hear the recusal motion. The juvenile filed an objection to the motion to recuse and requested sanctions against the State for filing a frivolous motion. On May 10, 2014, Judge Bañales denied the motion to recuse and set a hearing on the juvenile's request for sanctions. On May 29, 2014, Judge Bañales granted the juvenile's motion for sanctions and entered an order

2

sanctioning the State. He concluded that the motion to recuse was groundless, filed in bad faith, and "clearly brought for unnecessary delay and without sufficient cause." Judge Bañales ordered the State to pay $4,400 in attorney's fees to the juvenile's attorneys and additional attorney's fees of $2,500 "conditioned upon the successful defense to an appeal or a mandamus petition filed by the State of Texas before the Court of Appeals or the Supreme Court of Texas." The order directed the State to "pay the amounts awarded in this Order on or before 30 days after this Order becomes final."

This appeal ensued on June 25, 2014. On July 2, 2014, the Clerk of this Court notified the State that it appeared that the order that it was attempting to appeal was not an appealable order and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. The State, acting by and through the Criminal District Attorney of Hidalgo County, filed a response to this Court's notice. According to the State, it seeks to appeal only the order imposing sanctions and not any order pertaining to the merits of the underlying case. Stated otherwise, the State seeks to appeal an order rendered in connection with a juvenile proceeding but which is on an ancillary issue rather than on the substance of the underlying case itself.

> As is set forth in the Notice of Appeal, the State seeks to appeal only the Order Granting Sanctions Against the State of Texas rendered by the judge presiding over the recusal proceeding referenced herein. The State respectfully submits that the Court should declare, deem and find the order subject of this proceeding to be appealable, as there exists no other avenue by which the State can obtain appellate review of the challenged Order. In the ordinary civil case, interlocutory appeal of a sanction order such as the order at issue in the instant case is not available; rather, appellate review of sanction orders rendered while litigation is ongoing is generally available only following rendition of final judgment. . . . In the instant case, however, deeming the subject order unappealable would deny any opportunity for appellate review thereof.

3

The underlying litigation, during the course of which the State of Texas moved for recusal of the trial judge and the judge presiding over the recusal proceeding rendered the sanction order at issue, is a proceeding in which the State of Texas prays the Juvenile Court waive its jurisdiction over the subject child and transfer the child to an appropriate district court for criminal proceedings. This case is ongoing. The State of Texas has no right to appeal the decision of the trial court as regards the Petition for Discretionary Transfer. TEX. FAM. CODE § 56.01 (setting forth the appeal right of juvenile respondents and making no provision for a right of appeal by the State); TEX. FAM. CODE § 56.03 (providing certain appeal rights for State appeal in a juvenile case, in circumstances not applicable to the case at bar). The order subject of this proceeding is final as to the recusal motion and associated sanctions order, in that the said order disposes of all parties and claims as to the issues brought on appeal.

. . . .

Given that the State cannot appeal the final Judgment of the trial court as to the pending petition, a declaration that the sanction order cannot be appealed at this stage of the litigation would foreclose any opportunity for appellate review thereof.

The State thus requests that this Court conclude that the order at issue is appealable.

## II. ANALYSIS

Article 44.01(a)(5) of the Texas Code of Criminal Procedure gives the State the right to appeal certain orders in criminal cases, including a trial court's order granting a motion to suppress evidence. See TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West, Westlaw through 2013 3d C.S.). However, juvenile cases, although quasi-criminal in nature, are civil proceedings that are governed by the Texas Family Code and not the Texas Code of Criminal Procedure. In re Hall, 286 S.W.3d 925, 927 (Tex. 2009) (noting that juvenile proceedings are civil cases "although [they are] quasi-criminal in nature"). In a juvenile proceeding, "[t]he requirements governing an appeal are as in civil cases generally." TEX. FAM. CODE ANN. § 56.01(b) (West, Westlaw through 2013 3d C.S.).

4

Thus, on appeal, juvenile delinquency proceedings are to be governed by the civil rules of appellate procedure as far as practicable. *In re D.I.B.*, 988 S.W.2d 753, 756 (Tex. 1999); *see also* TEX. FAM. CODE ANN. § 51.17 (West, Westlaw through 2013 3d C.S.) (providing that, subject to certain exceptions, the Texas Rules of Civil Procedure govern proceedings under the family code).

As a general rule, appeals may be taken only from final judgments. *City of Watauga v. Gordon*, No. 13-0012, 2014 WL 2535995, at *1 (Tex. June 6, 2014); *Tex. Dep't of Crim. Justice-Cmty. Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 813 (Tex. 2012); *Loaisiga v. Cerda*, 379 S.W.3d 248, 254 (Tex. 2012). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). We strictly construe statutes providing an interlocutory right to appeal as "a narrow exception to the general rule that only final judgments are appealable." *Bally Total Fitness Corp.*, 53 S.W.3d at 355; *see Tex. A & M Univ. Sys.*, 233 S.W.3d at 841.

In general, "[t]he right of appeal in juvenile proceedings is . . . controlled by Section 56.01 of the Texas Family Code." *C.L.B. v. State*, 567 S.W.2d 795, 796 (Tex. 1978). Section 56.01 of the Texas Family Code provides that the right to appeal in a juvenile case rests solely with the child, leaving the State without any statutory or common-law authority to appeal from an adverse ruling in such cases. *See* TEX. FAM. CODE ANN. § 56.01 (West, Westlaw through 2013 3d C.S.); *see also C.L.B.*, 567 S.W.2d at 796; *In re S.N.*, 95 S.W.3d 535, 537 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). In

5

contrast, the Legislature has provided only a limited right for the State to appeal certain rulings in cases involving violent and habitual juvenile offenders. In such cases the State is entitled to appeal an order of a court in a juvenile case in which the grand jury has approved of the petition under the violent and habitual offender provision if the order: (1) dismisses a petition or any portion of a petition; (2) arrests or modifies a judgment; (3) grants a new trial; (4) sustains a claim of former jeopardy; or (5) grants a motion to suppress evidence, a confession, or an admission and if (a) jeopardy has not attached in the case; (b) the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay; and (c) the evidence, confession, or admission is of substantial importance in the case. *See* TEX. FAM. CODE ANN. § 56.03 (West, Westlaw through 2013 3d C.S.); *see id.* § 53.045 (West, Westlaw through 2013 3d C.S.). The Texas Legislature has also expressly authorized appeals by specific parties regarding certain other juvenile court orders. *See id.* § 61.004 (West, Westlaw though 2013 3d C.S.) (authorizing parent, guardian, or custodian to appeal specified final juvenile court orders); TEX. CODE CRIM. PROC. ANN. art. 62.357 (West, Westlaw through 2013 3d C.S.) (authorizing appeals by either the State or the defendant on orders pertaining to registration as a sex offender); *id.* art. 44.47 (West, Westlaw through 2013 3d C.S.) (authorizing juvenile to appeal order certifying juvenile to stand trial as adult and transferring juvenile to criminal court but only in conjunction with the appeal of a conviction or a deferred adjudication order).

In accordance with the general rule that we strictly construe statutory rights regarding interlocutory appeals, courts have narrowly construed the appellate rights provided by statute in juvenile cases. *See In re R.J.M.*, 211 S.W.3d 393, 394 (Tex. App.—San Antonio 2006, pet. denied) (dismissing juvenile's appeal of order denying his

6

motion to appoint counsel for assistance in filing a motion for DNA testing under chapter 64 of the Texas Code of Criminal Procedure); *In re J.H.*, 176 S.W.3d 677, 679 (Tex. App.—Dallas 2005, no pet.) (dismissing juvenile's appeal of juvenile court order transferring determinate sentence probation to criminal district court); *In re F.C.*, 108 S.W.3d 384, 385 (Tex. App.—Tyler 2003, no pet.) (dismissing State's appeal of an order granting a motion to suppress because the former version of the Texas Family Code did not authorize such an appeal); *In re D.B.*, 80 S.W.3d 698, 700 (Tex. App.—Dallas 2002, no pet.) (dismissing juvenile's appeal of an order denying a motion to suppress because such an appeal was not authorized by section 56.01 or other statute). When a legislative enactment provides for appeal of orders delineated in the statute, "there is no right to appeal orders not so included." *In re J.H.*, 176 S.W.3d at 679.

Neither section 56.01 of the Texas Family Code nor any of other statutes that we have reviewed expressly authorize the State to appeal an order for sanctions in juvenile proceedings. In the typical case, the imposition of monetary sanctions, such as attorney's fees, is reviewable on appeal from a final judgment. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding); *In re RH White Oak, LLC*, No. 14-13-00979-CV, 2014 WL 495105, at *8 (Tex. App.—Houston [14th Dist.] Feb. 6, 2014, orig. proceeding [mand. denied]) (per curiam); *In re Michele Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Onstad*, 20 S.W.3d 731, 732–33 (Tex. App.—Texarkana 2000, orig. proceeding).

In the instant case, the State contends that we should allow this appeal because the sanction order "is final as to the recusal motion and associated sanctions order, in that the said order disposes of all parties and claims as to the issues brought on appeal."

A judgment is final for purposes of appeal "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *see Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012). The sanction order in this case does not dispose of the merits of the underlying juvenile proceeding and does not contain any language that indicates an intent as to finality. Thus, the sanction order is not final. *See Bison Bldg. Materials, Ltd.*, 422 S.W.3d at 585; *Lehmann*, 39 S.W.3d at 192–93.

### III. CONCLUSION

The Court, having examined and fully considered the documents on file, is of the opinion that we lack jurisdiction over this attempted appeal. The sanction order is interlocutory, and the Legislature has not expressly or impliedly authorized the State to appeal an interlocutory order of sanctions rendered in a juvenile proceeding. Accordingly, the appeal is dismissed for want of jurisdiction.

**/s/ Rogelio Valdez**
CHIEF JUSTICE
ROGELIO VALDEZ

Delivered and filed the
7th day of August, 2014.

8