NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 44

No. 2021-094

In re S.D., Juvenile                                    Supreme Court
(State of Vermont, Appellant)

                                                        On Appeal from
                                                        Superior Court, Rutland Unit,
                                                        Family Division

                                                        March Term, 2022


David A. Barra, J.

Travis W. Weaver, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellant.

Matthew Valerio, Defender General, and Dawn Seibert, Juvenile Defender, Montpelier, for
  Defendant-Appellee.


PRESENT:  Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Waples, Supr. J.,
                Specially Assigned


¶ 1.     **COHEN, J.**   The State appeals the family division's dismissal of three juvenile-delinquency petitions against S.D. for lack of subject-matter jurisdiction, arguing that the family division retained jurisdiction to transfer them to the criminal division even after S.D. reached the age of twenty years and six months.  S.D. asserts that 13 V.S.A. § 7403 does not provide a right for the State to appeal from the dismissal of a delinquency petition.  We agree and dismiss this appeal, overruling our precedent to the contrary in In re F.E.F., 156 Vt. 503, 594 A.2d 897 (1991).

I.  Facts and Procedural History

¶ 2.     S.D. turned eighteen on May 8, 2018, and he reached twenty years and six months on November 8, 2020.  In the criminal division, the State charged S.D. with committing three

felonies while S.D. was between the ages of eighteen and nineteen: impeding a public officer pursuant to 13 V.S.A. § 3001, allegedly occurring in October 2018 and charged in November 2018; aggravated operation of a vehicle without the owner's consent pursuant to 23 V.S.A. § 1094(b), allegedly occurring in December 2018 and charged the same month; and sexual assault of a child under the age of sixteen pursuant to 13 V.S.A. § 3252(c), allegedly occurring in April 2019 and charged in January 2020. None of these crimes are included in the list of twelve offenses in 33 V.S.A. § 5204(a), known as the "Big Twelve" felonies.

¶ 3. In February 2020, S.D. moved for youthful-offender consideration in the criminal division, which, if granted, would move the cases to the family division. During the pendency of these cases, portions of the "Raise the Age" law went into effect on July 1, 2020. 2017, No. 201 (Adj. Sess.). As relevant to this matter, this law changed multiple procedural aspects of cases involving non-Big Twelve offenses committed by defendants under the age of nineteen. The law requires such proceedings to be commenced in the family division, 33 V.S.A. § 5201(d), and, if they were already commenced in the criminal division, to be automatically transferred to the family division resulting in the defendant subsequently being treated as a child charged with a delinquent act, 33 V.S.A. § 5203(a). However, the family division retains discretion to transfer a subset of such proceedings to the criminal division pursuant to 33 V.S.A. § 5204. See id. § 5203(c). Section 5204(a) provides that proceedings involving a juvenile between the ages of sixteen and nineteen accused of committing a delinquent act that is designated a felony (but not a Big Twelve felony) "may" be transferred to the criminal division upon motion filed by the state's attorney and after a hearing.

¶ 4. The law did not change 33 V.S.A. § 5103(a), which reads: "The Family Division . . . shall have exclusive jurisdiction over all proceedings concerning a child who is or who is alleged to be a delinquent child . . . brought under the authority of the juvenile judicial proceedings chapters, except as otherwise provided in such chapters." This exclusive jurisdiction

exists until six months after the child's twentieth birthday if the child was over eighteen years old when they committed the offense.  Id. § 5103(c)(2)(A)(ii).

¶ 5.  In late July 2020, S.D. moved to transfer the cases to the family division based on the raised age in § 5201(d).  The criminal division granted his motion and transferred the cases to the family division in August 2020.  As stated above, S.D. reached the age of twenty years and six months on November 8, 2020.  On November 16, 2020, S.D. moved to withdraw from youthful-offender consideration and transfer the cases to the Rutland Criminal Division, which the family division promptly granted.  The criminal division then automatically transferred the cases back to the family division under the new automatic-transfer requirement of § 5203(a).

¶ 6.  After a preliminary hearing in February 2021, the State filed a motion to transfer the three cases back to the criminal division.  The State argued that § 5203(c) provided the authority for the family division to transfer the cases to the criminal division and that the probable cause and public safety considerations found in § 5204(c) and the factors listed in § 5204(d) weighed in the State's favor.  The family division held a hearing on the motion in March 2021.

¶ 7.  Subsequently, S.D. moved to dismiss each of the petitions, arguing that the family division had exclusive subject-matter jurisdiction over the matters until six months after his twentieth birthday, pursuant to § 5103(a) and § 5103(c)(2)(A)(ii), and that its jurisdiction therefore expired on November 8, 2020, before the filing of the State's February 2021 motion to transfer.  The State's reply asserted that the age-limited, exclusive jurisdiction would only apply to the extent it did not conflict with the family division's discretion to transfer the cases back to the criminal division, or, in the alternative, that the criminal division's November 2020 entry order automatically transferring jurisdiction back to the family division was in error because it improperly retroactively applied § 5203(a) in violation of Vermont's saving clause.  The family division granted S.D.'s motions to dismiss in April 2021, concluding that its jurisdiction expired

3

on November 8, 2020, and that no other court had jurisdiction because the family division's jurisdiction was exclusive when it existed.

¶ 8. The State appeals the family division's dismissal, raising most of the same arguments as it did below. S.D. opposes the State's arguments and also contends that 13 V.S.A. § 7403 does not allow the State to appeal from the dismissal of a delinquency petition. The State did not address this issue in its briefs. At oral argument, the State asserted that § 7403 confers authority for the State's right to appeal because even though the title of the charge against S.D. is delinquency, it is in some sense a criminal prosecution. Because we agree with S.D. that the State's appeal is not properly before us, we do not address the parties' other arguments.

## II. Analysis

¶ 9. The question of whether the State has the right to appeal from the dismissal of a delinquency petition under 13 V.S.A. § 7403 is a matter of statutory interpretation, which we review de novo. State v. Gurung, 2020 VT 108, ¶ 23, 214 Vt. 17, 251 A.3d 572. When interpreting a statute, our goal is to "determine the intent of the Legislature and implement that intent." Flint v. Dep't of Lab., 2017 VT 89, ¶ 5, 205 Vt. 558, 117 A.3d 1080. Such a determination requires that we "examine and consider fairly, not just isolated sentences or phrases, but the whole and every part of the statute, . . . together with other statutes standing in pari materia with it, as parts of a unified statutory system." Brown v. W.T. Martin Plumbing & Heating, Inc., 2013 VT 38, ¶ 20, 194 Vt. 12, 72 A.3d 346 (quotation omitted). "In construing a statute, we first look at the language. If the language is clear, we apply the statute in accordance with its plain meaning." Wright v. Bradley, 2006 VT 100, ¶ 6, 180 Vt. 383, 910 A.2d 893.

¶ 10. The State's right to appeal in criminal proceedings is governed by 13 V.S.A. § 7403. In relevant part, the statute reads: "[i]n a prosecution for a felony, the State shall be allowed to appeal to the Supreme Court any decision, judgment, or order dismissing an indictment or information as to one or more counts." Id. § 7403(b). The more specific question at issue here,

therefore, is whether a delinquency proceeding can be considered a "prosecution for a felony" under § 7403(b).

¶ 11.    There are two ways a delinquency proceeding can begin: when the criminal division transfers a case to the family division involving a defendant under the age of nineteen pursuant to 33 V.S.A. § 5203(a)-(c), or when the state's attorney files a delinquency petition in the family division pursuant to 33 V.S.A. § 5222.  33 V.S.A. § 5201(a).  A delinquency petition must allege that "the child has committed a delinquent act," id. § 5222(a)(1), which is defined as "an act designated a crime under the laws of this State, or of another state if the act occurred in another state, or under federal law."  Id. § 5102(9).[1]  A "delinquent child" is "a child who has been adjudicated to have committed a delinquent act," id. § 5102(10), but such an adjudication "shall not . . . be deemed a conviction of a crime."  Id. § 5202(a)(1).

## A.  Vermont Precedent

¶ 12.    Consistent with these legislative pronouncements, we have repeatedly held that a delinquency proceeding is not a criminal prosecution despite sharing some substantive and procedural similarities.  In In re P.M., a fifteen-year-old was accused of rubbing his partially clothed genital area against the partially clothed genital area of an eight-year-old child.  He was ultimately found to have committed a delinquent act "that would have constituted lewd and lascivious conduct had he been in adult court."  In re P.M., 156 Vt. 303, 306, 592 A.2d 862, 863 (1991).  P.M. appealed, arguing that the statute criminalizing lewd and lascivious conduct did not criminalize consensual sexual conduct between two children under the age of sixteen.  This Court affirmed the juvenile court's judgment, noting that "the crucial inquiry is whether the act committed is designated a crime under a statute, not whether the juvenile could be criminally

---

[1]  This opinion refers to the word "crime" as described in § 5102(9) as the "associated crime" to distinguish between associated crimes that are misdemeanors and those that are felonies without misconstruing the delinquent act itself as a misdemeanor or a felony.

prosecuted under the statute." Id. at 307, 592 A.2d at 864. P.M. was not prosecuted under the statute criminalizing lewd and lascivious conduct between an adult and a child; "rather, he was charged with being a delinquent child." Id. This Court therefore recognized the difference between prosecuting a juvenile for committing the associated crime and accusing a juvenile of committing a delinquent act that involves the same behavior as the associated crime.

¶ 13.   Ten years prior, this Court's decision in In re J.S. reached the same conclusion. 140 Vt. 458, 438 A.2d 1125 (1981). A fifteen-year-old (J.S.) and a sixteen-year-old were accused of the sexual assault of one twelve-year-old and the murder of another. J.S. was "charged as a delinquent . . . in juvenile court" while the sixteen-year-old "await[ed] trial as an adult in superior court." Id. at 463, 438 A.2d at 1126. J.S. appealed from the juvenile court's order allowing the public to attend the delinquency proceedings, arguing that Vermont's juvenile shield law required the delinquency proceedings, like all juvenile proceedings, to be confidential. Ultimately, the J.S. Court reversed the juvenile court's order, concluding that "[j]uveniles, as a class, are shielded from public exposure of any proceedings conducted in juvenile court to determine delinquency." Id. at 472, 438 A.2d at 1131. In reaching this conclusion, the Court considered U.S. Supreme Court precedent from Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980), characterizing the Supreme Court as holding "that the First Amendment contains a right of access to criminal trials." 140 Vt. at 462, 438 A.2d at 1126. We considered whether this right of access would "extend[] to a juvenile proceeding to determine delinquency and treatment" and noted, "juvenile proceedings are not criminal prosecutions, a fact which makes at least some of the First Amendment purposes served by open criminal trials inapplicable." Id. at 462, 464, 438 A.2d at 1126, 1127.

¶ 14.   Despite the language of § 5202(a)(1) and our holdings in P.M. and J.S., this Court held in In re F.E.F. that the State had the right to appeal a delinquency petition's dismissal under 13 V.S.A. § 7403. 156 Vt. at 507, 594 A.2d at 900. F.E.F. was a combined case with State v. Cameron involving a juvenile defendant (F.E.F.) who was charged with sexual assault on a nine-

6

year-old boy and an adult defendant (Cameron) who was charged with sexually assaulting his daughter. The cases were unrelated except that they involved similar orders for the Vermont Department of Social and Rehabilitation Services (SRS) to disclose records relating to child abuse investigations connected with the respective cases. SRS appealed the disclosure orders in both cases. However, SRS's failure to disclose the records led to the dismissal of the juvenile delinquency petition in F.E.F. and the State appealed the dismissal.

¶ 15. The issues on appeal were therefore SRS's appeals from the disclosure (which were affirmed) and the State's appeal from the delinquency petition's dismissal (which was reversed). Id. at 505, 594 A.2d at 899. The Court determined that the State had the right to appeal the delinquency petition's dismissal. Id. at 507, 594 A.2d at 900. We wrote:

> The State's appeal from the final judgment properly brought the case before us. See 4 V.S.A. § 2(a) (Supreme Court has jurisdiction over appeals from district court); 13 V.S.A. § 7403(b) (in felony criminal cases, State can appeal from dismissal of indictment or information).

Id. These are the only sentences in F.E.F. that discuss the right-to-appeal issue. In reaching this conclusion, the opinion did not engage in any analysis considering whether a delinquency proceeding is a "felony criminal case[]" or whether a delinquency petition is an "indictment or information" pursuant to the opinion's characterization of 13 V.S.A. § 7403(b). It further did not review any case law (including P.M. or J.S., which were both decided before F.E.F.), or analyze any other statutes in the broader statutory scheme to consider the legislative intent behind § 7403(b) and the juvenile-delinquency-proceedings chapters in Title 33.

¶ 16. "Though generally bound by the principles of stare decisis to follow past precedent, we are not slavish adherents to this doctrine and will overrule prior case law when it is determined that an earlier decision is simply wrong." State v. Willard-Freckleton, 2007 VT 67A, ¶ 10, 183 Vt. 26, 949 A.2d 416 (quotations and citation omitted). After examining the Legislature's intent behind the juvenile-proceedings chapters and the lack of a common law or alternative statutory

7

State right to appeal, we conclude that a delinquency proceeding is not a criminal prosecution, determine there is no right for the State to appeal the dismissal of a delinquency petition, and thereby overrule F.E.F. to the extent that it holds to the contrary.

## B. Legislative Intent

¶ 17.    Although the State may appeal the dismissal of a child in need of care or supervision (CHINS) petition, 33 V.S.A. § 5315(f), there is no equivalent State right to appeal the dismissal of a juvenile-delinquency petition.    See id. § 5229 (governing merits adjudication hearing in delinquency proceeding with no mention of State right to appeal).  Similarly, the Vermont Rules for Family Proceedings do not include any reference to a State right to appeal from the dismissal of delinquency petitions, although there are procedures for appeals in other family cases, such as CHINS proceedings.  See V.R.F.P. 4.2, 8, 15.

¶ 18.    In crafting the juvenile-delinquency statutes, the Legislature explicitly intended to protect minors from the consequences associated with a criminal record.  As it provided in 33 V.S.A. § 5101(a), "[t]he juvenile judicial proceedings chapters shall be construed . . . to remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior and to provide supervision, care, and rehabilitation."  With the exception of Big Twelve felonies, individuals under the age of nineteen accused of committing a delinquent act with a felony associated crime are presumed to go through juvenile delinquency proceedings in the family division instead of criminal prosecutions in the criminal division.  33 V.S.A. §§ 5203, 5204. Although the State may file a motion to transfer certain cases to the criminal division pursuant to § 5204(a), it must demonstrate at a hearing probable cause and that "public safety and the interests of the community would not be served by treatment of the child under the provisions of law relating to the Family Division of the Superior Court and delinquent children."  Id. § 5204(c).  Only after such a showing may the family division, at its discretion, grant the State's motion.

8

¶ 19.   The Legislature could have created a subset of the criminal division that would adjudicate crimes committed by juveniles while still providing for rehabilitation rather than punishment.   Instead, the Legislature chose to move juvenile-delinquency proceedings to a completely different division of the superior court. Further, even within the family division, the Legislature could have defined delinquent acts as crimes, but it did not.

¶ 20.   The Legislature's decision to define a delinquent act as "an act designated a crime" rather than simply defining a delinquent act as committing a crime distinguishes the delinquent act from the associated crime by creating a level of separation between them.  Id. § 5102(9).  A delinquency proceeding is therefore the assessment of whether a child has committed a delinquent act, not whether the child is guilty of a crime in the criminal division.  See, e.g., P.M., 156 Vt. at 307, 592 A.2d at 864 ("P.M. was not prosecuted under § 2602; rather, he was charged with being a delinquent child.").  If the underlying charge of committing a delinquent act is not a crime, the resulting proceedings to determine whether the juvenile committed the delinquent act cannot be considered a prosecution.  See Black's Law Dictionary, Prosecution (11th ed. 2019) (defining "prosecution" as "[a] criminal proceeding in which an accused person is tried" (emphasis added)).  Even though delinquency proceedings and criminal prosecutions share many similarities, we determine that they are legally distinct.

¶ 21.   In the context of concluding that a juvenile adjudicated to be a delinquent child has the constitutional right to post-conviction relief, we wrote, "[a]lthough a delinquency adjudication is not a criminal conviction, a delinquency proceeding is substantively the same as a criminal proceeding."  In re D.C., 2016 VT 72, ¶ 25, 202 Vt. 340, 149 A.3d 466.  This statement is not at odds with our ultimate conclusion here.  Delinquency proceedings do mirror criminal prosecutions in several ways, including by respecting many of the same due process rights typically afforded to criminal but not civil defendants, see V.R.F.P. 1(a)(1), and by being initiated by the State rather

than a private plaintiff, 33 V.S.A. § 5201(a)(2). However, the distinctions between delinquency proceedings and criminal prosecutions are evident at every stage of the adjudicatory process.

¶ 22. In a delinquency proceeding, the statutory characterization of the underlying behavior, as described above, is a delinquent act rather than a crime. 33 V.S.A. § 5102(9). The charging instrument is a delinquency petition rather than an indictment or information. Id. § 5201(a)(2); compare id. § 5222(a), with V.R.Cr.P. 7(b). The final disposition is adjudication of delinquency rather than a criminal conviction. Id. § 5202(a)(1). As this Court noted, "[a] juvenile proceeding may properly dispense with formal constitutional requirements relating to criminal proceedings . . . . The justification is based upon the conception of the proceedings as non-criminal and as being an exercise of the parens patriae authority of the state, making it essentially a custody proceeding." In re Rich, 125 Vt. 373, 376, 216 A.2d 266, 268 (1966) (dismissing habeas petition from incarcerated juvenile accused of committing delinquent act); see also V.R.F.P. 1(a)(2) (listing specific Vermont Rules of Criminal Procedure not applicable to delinquency proceedings). For example, in In re Gomez, 113 Vt. 224, 226, 32 A.2d 138, 140 (1943), this Court upheld the juvenile court's refusal to grant a juvenile's request for a jury trial.[2]

¶ 23. Further, the Legislature has pointedly shifted Vermont's approach to adjudicating delinquency petitions away from treating them as criminal prosecutions. As described above, in 33 V.S.A. § 5101, effective January 2009, the Legislature explicitly stated that it aimed to craft

---

[2] Even though we today hold that a delinquency petition is not a criminal prosecution for purposes of 13 V.S.A. § 7403(b), this does not implicate juveniles' due process rights that this opinion does not address. Juveniles have, inter alia, the right to an attorney, the right to bring a petition for post-conviction relief, and other rights under the Vermont Rules of Criminal Procedure. See In re Neglected Child, 130 Vt. 525, 534, 296 A.2d 250, 255 (1972) ("[A] child neglect proceeding is far different from a juvenile delinquency proceeding where as a matter of due process, counsel is required."); D.C., 2016 VT 72, ¶ 38 (holding that "juveniles have a constitutional right to petition for relief from unlawful restraint from the government"); see also V.R.F.P. 1(a)(1) ("The Rules for Criminal Procedure shall apply to all delinquency proceedings commenced pursuant to Chapters 51 and 52 or Title 33 of the [V.S.A.]" with some notable exceptions).

the juvenile-judicial-proceedings chapters with the purpose of "remov[ing] from children committing delinquent acts the taint of criminality and the consequences of criminal behavior and to provide supervision, care, and rehabilitation"—this is a far cry from the punitive aspect of criminal prosecution. As early as 1966, this Court wrote:

> The theory of juvenile proceedings for the State of Vermont has already been clearly enunciated. It is a protective proceeding entirely concerned with the welfare of the child, and is not punitive. The procedures supersede the provisions of the criminal law and laws affecting minors in conflict with the authorizations of the juvenile court statutes. The inquiry relates to proper custody for the child, not his guilt or innocence as a criminal offender.

Rich, 125 Vt. at 375, 216 A.2d at 267-68 (citations omitted).[3]

### C.  Common Law

¶ 24.   No Vermont cases directly state there is a common-law right for the State to appeal in delinquency proceedings, and we are not going to create such a right here. In State v. Roy, we confronted a comparable issue when the State appealed from the criminal division's post-guilty-verdict judgment of acquittal, arguing that the appeal of a post-judgment acquittal is the equivalent of an appeal of an order dismissing an indictment as allowed under 13 V.S.A. § 7403(b). 2018 VT 67A, ¶ 14, 209 Vt. 133, 203 A.3d 1177. Alternatively, the State argued that this Court should treat the appeal as a petition for extraordinary relief pursuant to Vermont Rule of Criminal Procedure 21. We dismissed the appeal and declined to exercise our discretion to grant extraordinary relief,

---

[3] At first glance, this appears to be at odds with the Court's statement in 1972 that, "[i]n a delinquency proceeding the result may often be incarceration in a state institution, and as such the proceeding is of a criminal nature." Neglected Child, 130 Vt. at 534-35, 296 A.2d at 255. Given the larger context in Neglected Child, which concludes that the mother had no right to counsel at the child's initial detention hearing, we interpret the latter quote to differentiate between the due process involved in delinquency proceedings compared to child-neglect proceedings. The context indicates that the Court intended to represent delinquency proceedings as criminal-adjacent rather than to state that a delinquency proceeding is a criminal prosecution. However, to the extent that Rich and Neglected Child conflict with each other, and to the extent that Neglected Child seems to support the State's claim that a delinquency proceeding is a criminal prosecution, we consider this to be a shift in approach over time and again point to the Legislature's explicitly stated intent to shield minors from the criminal system.

concluding that the State did not have a right to appeal under common law or the relevant statute. Id. ¶ 10. Although Roy is substantively distinguishable because it involved an adult criminal case rather than a juvenile-delinquency proceeding, we include it here to demonstrate our line of inquiry into whether the State has a common law right to appeal.

¶ 25. We considered that, "[i]n the United States, the government has not at common law had a right to appeal in criminal cases," and therefore any State right to appeal must be statutorily granted. Id. ¶ 12 (citing United States v. Sanges, 144 U.S. 310, 312 (1892)). In interpreting 13 V.S.A. § 7403(b), we noted "[t]he statutory list of orders appealable by the State does not include judgments of acquittal, whether pre- or post-verdict" and acknowledged that "[h]ad the Legislature intended to include grants of judgments of acquittal, or even just post-guilty-verdict grants of judgments of acquittal, among the orders appealable by the State, it could have done so. It did not." Id. ¶¶ 14, 15. As a result, we concluded that § 7403(b) does not grant the State a right to appeal the criminal division's judgment of acquittal. We further declined to exercise our discretion to grant extraordinary relief out of respect for "the Legislature's authority to determine the circumstances in which the State has a statutory right to appellate review." Id. ¶ 23.

¶ 26. Although the right to appeal issue in Roy is distinct from that presented here, its reasoning is applicable. We have reviewed our case law and find no evidence of a common law right to appeal in juvenile delinquency proceedings, therefore requiring any State right to appeal to come from statute. And, because there is no statute granting the State the right to appeal in a delinquency proceeding, the right does not exist in Vermont.

### D. Precedent from Other Jurisdictions

¶ 27. Our conclusion is consistent with decisions from other jurisdictions; states with comparable statutory rights regarding the state's right to appeal have concluded that there is no right for the government to appeal in a juvenile-delinquency proceeding. In State v. C.C., 476 So. 2d 144, 146 (Fla. 1985), the Supreme Court of Florida considered Florida's statute governing the

12

state's right to appeal in criminal cases, ultimately concluding that "[t]he legislature has exhibited no intent to have [the chapter on the State's right to appeal] apply to juvenile proceedings." The statute in C.C. contained nearly identical language to the portion of 13 V.S.A. § 7403(b) at issue here. The Florida statute read at the time, "[t]he state may appeal from: (1) An order dismissing an indictment or information or any count thereof." Id. at 145  The Florida statute has since been amended multiple times, but the court has not overruled C.C.

¶ 28.  Similarly, the Texas Court of Appeals in In re S.N., 95 S.W.3d 535, 536 (Tex. Ct. App. 2002), dismissed the state's appeal from the trial court's order granting the juvenile's motion to suppress. It acknowledged that, in criminal cases, the state had the right to appeal certain trial court orders, including those granting suppression motions. Id. "However, the legislature has mandated certain different statutory protections for juveniles. The right of appeal in juvenile proceedings . . . only allows for appeals by or on behalf of a child. It does not expressly grant the State the right to appeal in juvenile-delinquency cases." Id. As a result, the court determined that the state did not have a right to appeal from the trial court's order. Id.

¶ 29.  In State v. I.T., 4 N.E.3d 1139, 1142 (Ind. 2014), the Supreme Court of Indiana wrote: "The State may appeal 'an order granting a motion to dismiss an indictment or information.' But in juvenile proceedings, the State files a delinquency petition, not an indictment or information." Id. It noted, "[t]hat difference is significant because unlike an indictment or information, filing a delinquency petition requires the trial court's approval—a discretionary finding of 'probable cause to believe that: (A) the child is a delinquent child; and (B) it is in the best interests of the child or the public that the petition be filed.' " Id. Vermont similarly requires a delinquency petition to contain "a statement that it is in the best interests of the child that the proceedings be brought." 33 V.S.A. § 5222(a)(1). Vermont does not require a best-interests statement for a criminal indictment or information. See V.R.Cr.P. 7(b) (detailing nature and contents of indictment and information).

13

### III. Conclusion

¶ 30.    Under 13 V.S.A. § 7403, the State has the right to appeal under certain conditions in felony prosecutions.  However, a juvenile-delinquency proceeding, even one in which the associated crime is a felony, is not a felony prosecution.  The Legislature expressly intended to create a separate procedural mechanism (the delinquency petition) and adjudicating body (the family division) to adjudicate whether a juvenile has committed a delinquent act and to ensure that juveniles do not enter the criminal system.  Based on the plain language in § 7403 and the broader juvenile-delinquency statutes, juvenile-delinquency proceedings are not criminal prosecutions and the State does not have the right to appeal from the dismissal of a delinquency petition.  Further, there is no alternative statute or common law basis that provides the State with such a right.  Therefore, we overrule In re F.E.F. to the extent that it concludes that a delinquency proceeding is a felony prosecution as relevant to § 7403.[4]

Dismissed.

FOR THE COURT:

_____

Associate Justice

---

[4]  Because we dismiss this appeal as a matter of law, we need not reach the merits of the parties' jurisdictional arguments.  State v. VanBuren, 2018 VT 95, ¶ 106 n.18, 210 Vt. 293, 214 A.3d 791.