Filed 10/23/23

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street, PO Box 187
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01058

---

**WWSAF Special Partners Group, LLC (Series D), et al v. Costello, Valente & Gentry, P.C., et al**

---

## ENTRY REGARDING MOTION

Title:      Motion to Reconsider Ruling on Motion 17 (Motion: 18)
Filer:      Jerome F. O'Neill
Filed Date: July 21, 2023

Plaintiffs seek reconsidering of an earlier ruling denying a motion to compel the production of a confidential settlement agreement from a related case. It would have been helpful if the initial motion had provided some legal authority for Plaintiff's position, and the court could deny this motion on that basis. It provided none. The motion to reconsider provides a bit more. It cites cases addressing statutory confidentiality provisions, but not settlement agreements. In re Powell, 227 B.R. 61, 65 (Bankr. D. Vt. 1998); In re F.E.F., 156 Vt. 503, 514 (1991), overruled on other grounds by In re. S.D., 2022 VT 44. Those cases, however, do support the general proposition that confidentiality does not equate to a privilege against discovery. More to the point, the court's research discloses that many other jurisdictions have addressed the precise issue here.

While on the face of it a "confidential" settlement agreement would seem to be a document that can be withheld both from the public and from litigants in other lawsuits, the case law does not support such a conclusion. Despite "the interests third parties

have in the confidentiality of settlement agreements, . . . litigants cannot shield settlement agreements from discovery solely based on confidentiality if the agreement is relevant to the action, or likely to lead to relevant evidence." <u>Silver Streak Trailer Co., LLC v. Thor Industries, Inc</u>., No. 18-14126-CIV, 2018 WL 8367073, at *6 (S.D. Fla. Nov. 15, 2018). "Confidentiality agreements, which are commonplace in settlement agreements, do not create a privilege exempting otherwise discoverable documents and information from disclosure." <u>Culley v. W. Bolivar Consol. Sch. Dist.</u>, No. 4:20-CV-190-MPM-DAS, 2022 WL 17585259, at *1 (N.D. Miss. Dec. 12, 2022). "Courts have . . . repeatedly noted that concerns about production of confidential settlement agreements can be met by an appropriate protective order." <u>Wheel Pros, LLC v. Rhino Tire USA, LLC</u>, No. 223CV00650GMNVCF, 2023 WL 4868478, at *3 (D. Nev. July 28, 2023).

Thus, "[c]ourts routinely order production of confidential settlement agreements under Rule 26 when they are relevant to the allegations at issue in a particular action. Discoverable information may not be shielded from disclosure merely by agreeing to maintain its confidentiality." <u>Cooley v. Curves Int'l, Inc</u>., No. A-08-MC-108 LY, 2008 WL 11333881, at *4 (W.D. Tex. May 19, 2008)(citations omitted); *see also*, <u>In re Enron Corp. Sec., Derivative & ERISA Litig.</u>, 623 F. Supp. 2d 798, 838 (S.D. Tex. 2009) ("Confidentiality clauses in private settlement agreements cannot preclude a court-ordered disclosure pursuant to a valid discovery request"). Defendants offer no authority to the contrarty.

However, some courts require a heightened relevance standard to overcome a confidentiality agreement. *See, e.g.*, <u>Peters v. Equifax Info. Servs. LLC</u>, No. EDCV 12-1837-TJH (OPx), 2013 WL 12169355, at *2 (C.D. Cal. Dec. 13, 2013) ("some courts have

specifically held in the settlement context that the burden is on the requester to make a particularized or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence."); Close v. Acct. Resol. Servs., 557 F. Supp. 3d 247, 250 (D. Mass. 2021)("some courts have required a party seeking discovery of a confidential settlement agreement to make a particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence. Other courts, including several judges in this Circuit, have not required such a heightened showing.") (citations omitted). Those courts that impose a higher burden do so because a "strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated." Thomasian v. Wells Fargo Bank, N.A., No. 03:12-cv-01435-HU, 2013 WL 4498667, at *2 (D. Or. Aug. 22, 2013) (citation omitted). It appears that the majority view is that the usual discovery standard applies. Small v. Nobel Biocare USA, LLC, 808 F. Supp. 2d 584, 587 (S.D.N.Y. 2011) ("Though district courts in this Circuit have in the past disagreed as to whether discovery of settlement agreements requires a heightened showing of relevance, the majority view is now that no such heightened showing is required.").

Here, regardless of which burden applies, the court concludes that Plaintiffs have met it. Their claim is based on the allegation that the settlement was improperly entered into without their knowledge. It is directly relevant to their claims, and the information is not available elsewhere. However, production shall be subject to a protective order limiting its disclosure beyond this lawsuit.

## Order

The motion is granted. Defendants shall produce the settlement agreement within 14 days, but it shall be stamped as, and treated as, confidential. Absent a further court order, it may not be disclosed to anyone other than parties and counsel in this lawsuit, their staff, the court, and any expert witnesses involved in this case. If it is filed with the court as an exhibit to a motion, it shall be filed under seal.

Plaintiffs' opposition to the pending motion for summary judgment shall be filed by December 1.

Electronically signed on October 20, 2023 pursuant to V.R.E.F. 9(d).

_____
Helen M. Toor
Superior Court Judge